## CONSTANCIA P. MARTINS MAGALLEN *vs.* MICHAEL R. GOMES.

Bristol.   October 27, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Bills and Notes*, Maker a fiduciary.   *Trust*, Liability of trustee.

One, who caused real estate to be conveyed by a deed giving as the name of the grantee his name followed by the designation, "Trustee," the deed disclosing that he was to hold the land as trustee for his daughter upon trusts specifically set out which gave him authority to sell and mortgage and otherwise to deal with the property and the proceeds of sale or mortgage for the benefit of the daughter and reserved to him no beneficial interest other than rights to compensation and expenses, and who gave to the grantor a note payable to the grantor and secured by a mortgage of the real estate, which note he signed with his name followed by the designation "Trustee" and which contained no words reciting or suggesting any other principal, was not protected from personal liability to the payee upon the note by the provisions of G. L. (Ter. Ed.) c. 107, § 42.

CONTRACT for a balance due upon a promissory note. Writ in the Third District Court of Bristol dated April 7, 1930.

The note was as follows:

$1200.00                              November 28, 1923.

Secured by mortgage of real estate in New Bedford to be recorded in Bristol S. D. Registry of Deeds.

For value received, I promise to pay to Constancia P. Martins Magallen and Frank Magallen or order, the sum of Twelve Hundred..... ...,......Dollars on demand after 1 year from this date, with interest to be paid semi-annually at the rate of eight per centum per annum during said term, and for such further time as the said principal sum, or any part thereof remain unpaid.

Michael R. Gomes, Trustee.

Material facts appearing at the hearing in the District Court by *Doran*, J., are stated in the opinion. There was a finding for the plaintiff in the sum of $1,446.13, and a report of the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*H. W. Radovsky & I. H. Simon*, for the defendant.

No argument nor brief for the plaintiff.

WAIT, J. This is an action on a promissory note secured by a mortgage to recover a balance remaining due after foreclosure of the mortgage. The note was signed "Michael R. Gomes, Trustee," and it is the contention of the defendant that there was error in holding him liable personally upon the note. No question is now open on the right of the plaintiff, the surviving payee of the note, to maintain an action upon it. The single question is whether the defendant is protected from personal liability by § 42 of the negotiable instruments act, G. L. (Ter. Ed.) c. 107. That section provides: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." There was evidence that the note was signed by the defendant, after objection by the deceased payee, on the defendant's assertion that he would sign only as trustee. No words in the note recited or suggested any other principal. A conveyance was made at the same time by the plaintiff to "Michael R. Gomes, Trustee," of the land then mortgaged back to secure the note. This deed disclosed that Gomes was to hold the land as trustee for his daughter upon trusts specifically set out, which gave him authority to sell and mortgage and otherwise to deal with the property and the proceeds of sale or mortgage, for the benefit of the daughter. No beneficial interest, other than rights to compensation and expenses, was reserved to Gomes himself.

We fail to see here any other principal than Gomes, or any representative capacity in which he stood in signing. No words appear limiting his liability to the corpus of the trust property. Such a trustee is a principal. He represented himself. The situation is very different from that in *Baker* v. *James*, 280 Mass. 43, where the language of the note showed that the payee was dealing with a trust that was by him treated as a person for whom those who signed were acting as representatives, and this was supported by evidence corroborating such treatment. The law, however, has not yet gone to the length of giving a *quasi* personality to all property held in trust, so that a signature as trustee to an instrument dealing with it demonstrates acceptance of a contractual relation to the property rather than with the trustee on the part of the holder of the instrument so signed. Ordinarily one who holds property in trust is the principal in dealings with it and in negotiations relating to it; he is not the agent or representative of the property. This position may be modified by agreement in appropriate circumstances; but no such modification appears here. Such modification may appear in cases of what are sometimes called "Massachusetts trusts," where the trustees are recognized as agents not themselves responsible upon notes of the trust. *Bowen* v. *Farley*, 256 Mass. 19, and *Adams* v. *Swig*, 234 Mass. 584, deal with such trusts, and are not controlling here.

The judge and the Appellate Division were right.

*Order dismissing report affirmed.*