J. Alfred Dolben *vs.* Herbert E. Gleason.

Middlesex.    January 10, 1935. — November 26, 1935.

Present: Rugg, C.J., Field, Donahue, Lummus, & Qua, JJ.

*Trust,* Personal liability of trustee, Contracts of trustee. *Contract,* With trustee, Construction.

A contract formed by an offer addressed to a certain trust by name by one not having knowledge of a provision of its declaration of trust that the trustee should not be personally liable on contracts made by him as such, which offer was accepted by the trustee's writing thereon "Accepted . . . [name of trust, name of trustee] Trustee," could not be construed as stipulating that the trustee should not be personally liable thereon, and therefore he was personally liable; the fact that the trust, having transferable shares, might have been sued at law under G. L. (Ter. Ed.) c. 182, § 6, did not relieve the trustee of personal liability.

Contract. Writ in the Fourth District Court of Eastern Middlesex dated August 14, 1933.

The action was heard in the District Court by *Nash,* J., who found for the plaintiff in the sum of $515.06. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*C. A. Warren, N. R. Voorhis & L. F. Eley,* for the defendant.

*G. W. Cox,* for the plaintiff.

DONAHUE, J.   The plaintiff made a proposal in writing dated December 27, 1932, and addressed to "Lakemore Trust, 6 Common St., Winchester, Mass.," to furnish specified building materials at a stated price.   The defendant indorsed on it the words: "Accepted 12/27/32 Lakemoor Trust H. O. Gleason Trustee."   The plaintiff brought an action against the defendant in a district court to recover the price of the materials.   At the trial the plaintiff introduced in evidence the written proposal and the defendant admitted the delivery of the building materials therein specified and that the price had not been paid.   The defendant put in evidence a declaration of trust made by him dated January 3, 1933, and recorded in the registry of deeds.   The above was all the evidence at the trial.

The declaration of trust recited that certain described real estate had been conveyed to the defendant and was held by him under a trust to be known as the Lakemoor Trust for the benefit of holders from time to time of shares to be issued under the declaration of trust and transferable on the books of the trust.   The instrument provided among other things that the trustee "shall have as absolute control over and disposal of all property, real, personal and mixed hereunder, as if the same were his individual property."   The eighth paragraph of the declaration provided that "in every written contract or other undertaking entered into as such Trustee, reference shall be made to this Declaration, and any person . . . contracting with said Trustee . . . shall look only to the property of the trust for payment under such contract . . . and neither said Trustee nor any shareholder shall in any case be held responsible personally therefor."

The judge found for the plaintiff, refused to rule as requested by the defendant that "The contract on which the plaintiff relies is not a contract by the defendant as principal and the defendant is not liable thereon in this action,"

and reported his refusal to give this ruling to the Appellate Division where an order was entered dismissing the report.

It is the general rule, long established, that in the absence of a stipulation to the contrary a trustee is personally liable in an action on a contract made by him for the benefit of the trust estate. *Carr* v. *Leahy*, 217 Mass. 438. *Magallen* v. *Gomes*, 281 Mass. 383, 385. *Larson* v. *Sylvester*, 282 Mass. 352, 357, 358. *Alfano* v. *Donnelly*, 285 Mass. 554. A trustee may, however, avoid personal liability on a contract he makes on behalf of the trust, if the contract contains an agreement that he shall not be personally liable. *Shoe & Leather National Bank* v. *Dix*, 123 Mass. 148, 150. *Rand* v. *Farquhar*, 226 Mass. 91. The mere description in the contract of himself as "trustee" is not enough to constitute such a stipulation and does not affect the right of the party with whom he contracts to hold him personally liable, *Philip Carey Co.* v. *Pingree*, 223 Mass. 352, *Magallen* v. *Gomes, supra*, even though the name of the trust estate may be mentioned therein. *Carr* v. *Leahy, supra. Neville* v. *Gifford*, 242 Mass. 124, 128. *Downey Co.* v. *Whistler*, 284 Mass. 461, 466. The effect of the addition by a trustee of words descriptive of his office when signing his name to a negotiable instrument is determined not by the common law but by the negotiable instruments act, G. L. (Ter. Ed.) c. 107, § 42. The preëxisting law of the Commonwealth so far as negotiable instruments are concerned was changed by the statute. *Baker* v. *James*, 280 Mass. 43, 47. *Adams* v. *Swig*, 234 Mass. 584. *Jump* v. *Sparling*, 218 Mass. 324. The case of *Bowen* v. *Farley*, 256 Mass. 19, which the defendant contends is decisive of the issue here, was an action on a promissory note and is distinguishable on that ground.

The narrow issue in the present case is whether the defendant freed himself of the personal liability which otherwise would be on him as a contracting trustee by obtaining from the plaintiff an agreement relieving him from that liability. There was no express stipulation to that effect in the contract. There was no collateral agreement made by the plaintiff. If any agreement of the plaintiff relieving the

defendant of personal liability is found it must be by the construction of the written agreement which was made. There was no evidence as to the circumstances attendant upon the execution of the contract or of previous relations of the parties, or of any external facts giving aid to the construction of the contract. There is nothing from which it may be inferred that the plaintiff had any knowledge of the character or terms of the trust. In fact it does not appear that the terms of the declaration of trust, which bears the date January 3, 1933, had been formulated when, a week earlier, on December 27, 1932, the plaintiff's proposal was accepted by the defendant. From the facts that the plaintiff's proposal was addressed to the "Lakemore Trust" and the acceptance was in the form "Accepted . . . Lakemoor Trust H. O. Gleason Trustee" it is manifest that the defendant was contracting for the benefit of some trust. But the language is not susceptible of the construction that it was intended to stipulate that the defendant should escape the effect of the ordinary rule of personal liability of a trustee making a contract for a trust and that the plaintiff should be bound to look to the funds of the trust and not to the defendant. Under the authority of the cases earlier cited it must be held that the defendant did not obtain from the plaintiff an agreement relieving the defendant from personal liability and that the trial judge rightly found for the plaintiff.

The defendant contends that the plaintiff's position is analogous to the position of one suing the treasurer of a corporation on a contract made by the treasurer while acting as the authorized agent of the corporation. (*Arcade Malleable Iron Co.* v. *Jenks,* 229 Mass. 95.) But a corporation is a legal personality which may act through agents. A contract made by the authorized agent of a corporation is the corporation's contract. A trust such as was created by the declaration of trust in evidence, can itself do no act. It cannot make a contract. It cannot even act to choose an agent. The trustee alone can do any act which affects the rights or property of the trust. He does not act as the agent of the trust but is its embodiment in dealing with its

property and in making contracts which affect its property. Such contracts when made are his contracts and he is personally liable upon them unless they include an agreement that he shall not be personally liable. *Larson* v. *Sylvester*, 282 Mass. 352, 357, 358, and cases cited.

The statute permitting such a trust as the one here in evidence to be sued in an action at law for debts contracted by its trustee, G. L. (Ter. Ed.) c. 182, § 6, permits a creditor to get satisfaction for such debts out of the funds of the trust. It does not purport to make a trust a legal entity for the purpose of making contracts but merely permits its assets to be reached in an action at law to satisfy debts which its trustee has contracted. It does not relieve a trustee who has made a contract for a trust from personal liability thereunder. (See *Larson* v. *Sylvester*, 282 Mass. 352, 359–360.)

*Order dismissing report affirmed.*