SUSAN MULLER *vs.* THE BOSTON CASUALTY COMPANY.

Bristol.    October 26, 1939. — December 27, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Insurance,* Accident, Notice.   *Autopsy.*

Evidence warranted findings that notice of the accidental death of the insured in an accident policy was given to one who was an "authorized agent" of the insurer as required by the policy, and that the insurer was not denied a reasonable opportunity to examine the insured's body and to make an autopsy, as it had a right to do under the policy.

CONTRACT.   Writ in the Superior Court dated March 4, 1935.

There was a verdict for the plaintiff in the sum of $1,014.15 at the trial before *Walsh,* J.   The defendant alleged exceptions.

The case was submitted on briefs.

*E. R. McCormick,* for the defendant.

*W. A. Torphy, J. P. McGuire, Jr., & P. H. Hood,* for the plaintiff.

Cox, J. The plaintiff is the beneficiary named in an accident and health insurance policy, issued to her husband, which contains a provision for the payment of a certain sum for accidental death. There is no contention but that the insured died as the result of an accident. The jury found for the plaintiff and the only exception argued by the defendant is to the refusal of the trial judge to allow its motion for a directed verdict. No copy of the policy is included in the bill of exceptions, which states that it contains all the evidence material to the issue to be decided.

The jury could have found that the policy contains a provision that, in the event of accidental death, immediate notice thereof must be given by or in behalf of the beneficiary to the company in Boston, "or to any authorized agent of the company." See G. L. (Ter. Ed.) c. 175, § 108 (*f*), cl. 3. The policy contains a further provision that the company shall have a right to inspect the body of the deceased and the right and opportunity to perform an autopsy where it is not forbidden by law. The insured died about 4:30 P.M. on August 29, 1934, and shortly before six o'clock on that evening, one Larter, the district manager of the Boston Casualty Company (the defendant), called the plaintiff's son on the telephone, saying that he was sorry to hear of the father's death and that he wished to know how it happened. The son told Larter that his father had fallen from a tree; Larter said "not to worry about the insurance policy, that he was agent and that he would take care of everything and . . .. he inquired as to whether . . . an autopsy would be held." The son told him that there would be an autopsy that evening at the Hathaway Funeral Home on Robeson Street, in Fall River, to which place the body had been removed. The body of the insured was viewed by the medical examiner at 5:15 P.M. on that day. He ordered the body removed to the funeral home, where the autopsy was performed at about nine o'clock in the evening with no one present as representing the defendant. The body remained in Fall River or in

Somerset, where the insured lived, until about twelve o'clock on Saturday noon, September 1, when it was taken to the Forest Hills Cemetery, in Boston, and cremated. The policy in question was written by Larter and bore his signature as "authorized representative," and on August 29, 1934, he was an "authorized agent" of the defendant. The defendant's treasurer testified that he received a letter from Larter on August 31, to the effect that something had happened to the insured, and that sometime between August 29, 1934, and September 1, 1934, an executive officer of the defendant had caused an investigation to be made as to the death. There was no evidence that anyone in behalf of the defendant asked for an opportunity to examine the body or to perform an autopsy.

It could have been found upon these facts that notice of accidental death was given in compliance with the terms of the policy. The defendant's only contention is that the notice to Larter was not sufficient in that, at most, Larter was only an authorized representative, and not an authorized agent with authority to receive notice. The terms of an insurance policy are to be given a reasonable construction, and each party is entitled to have the contract interpreted according to the words used, but the principle is fully recognized that, in construing a policy of insurance, doubtful questions are to be resolved against the insurer and in favor of the insured. *Lustenberger* v. *Boston Casualty Co.* 300 Mass. 130, 134–135. If it had been intended that notice of accidental death, if given to an agent, should be to an agent authorized to receive such notice, it would have been easy to have said so. It well may be that in the event of accidental death it is for the advantage of the company to have immediate notice given to an authorized agent who is at hand, if there be one. In the case at bar Larter was an "authorized agent." He was also the "authorized representative" of the company. We are not required by the facts in the case to consider whether Larter's designation in the policy as "authorized representative" was enough to make him an agent within the language of the policy. See *Bloom's Case*, 222 Mass. 434,

437; *Magallen* v. *Gomes*, 281 Mass. 383. A question of fact was presented for the jury.

What has been said disposes of the contention of the defendant that it did not have an opportunity to examine the body and to make an autopsy. The notice to the defendant's agent, at about six o'clock in the evening of August 29, of the accidental death was enough. It is a matter of common knowledge that, in the absence of extraordinary circumstances, the interval between death and burial is ordinarily not longer than that found in the case at bar. No suggestion has been made that the fact that an autopsy had been performed on the evening of the day of the death, in and of itself would have prevented a satisfactory autopsy at a later time. There is nothing in the record to suggest that the opportunity to perform the autopsy must not be exercised reasonably, and in our opinion the defendant had such an opportunity.

*Exceptions overruled.*