## GRISWOLD et al. v. UNITED STATES.

### No. 411.

District Court, D. Massachusetts.

Jan. 17, 1941.

Earle W. Carr, of Boston, Mass., for plaintiffs.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., for defendant.

FORD, District Judge.

This is a suit for the recovery of taxes assessed against the Massachusetts Investors Trust (hereinafter called the Trust) for the years 1936, 1937, and 1938, under Title IX of the Social Security Act (hereinafter referred to as the Act). C. 531, 49 Stat. 620–648, 42 U.S.C.A. §§ 301–1305. The applicable provisions of the Act will be found in the margin.[1]

Findings of Fact.

The facts, for the most part, have been stipulated and are as follows:

The individual plaintiffs are the trustees provided for under an Agreement and Declaration of Trust dated March 21, 1924, as amended. The trustees use the collective designation "Massachusetts Investors Trust" and under such name execute the powers and perform the duties conferred upon and required of them by the agreement. The Massachusetts Investors Trust filed returns reporting the income of the Trust for taxation under the federal revenue laws for the years 1936, 1937, and 1938 on corporation income tax return forms and paid taxes in accordance therewith as provided in the case of corporations.

The individual plaintiff, Merrill Griswold, acts as chairman of the trustees by appointment by the trustees at a meeting held July 21, 1932 and, as such, calls meetings of the trustees. The trustees meet regularly each Monday afternoon in the months from September to June, inclusive, and regularly each Friday morning in the months of July and August, inclusive. Special meetings are held as and when, in the judgment of the trustees, the same may be necessary or desirable. The trustees also meet informally from day to day with respect to executing their powers and performing their duties as provided for in the Agreement and Declaration of Trust. The office of the trustees is located on the ninth floor of the building at 19 Congress Street, Boston, Massachusetts. It is divided into eight rooms covering an aggregate area of approximately 2,622 square feet. At this location, each of the trustees has a separate office, except Dwight P. Robinson, Jr., and Kenneth L. Isaacs, who have a joint office. Merrill Griswold is a member of the law firm of Gaston, Snow, Hunt, Rice and Boyd and has an office with that firm at 82 Devonshire Street, Boston, Massachusetts. L. Sherman Adams is a member of the brokerage firm of L. Sherman Adams Company and has an office with that firm at 10 Post Office Square, Boston, Massachusetts. Charles R. Rowley is a mem-

[1] "Sec. 901 [§ 1101]. On and after January 1, 1936, every employer (as defined in section 907 [1107 of this chapter]) shall pay for each calendar year an excise tax, with respect to having individuals in his employ, equal to the following percentages of the total wages (as defined in section 907 [1107 of this chapter]) payable by him (regardless of the time of payment) with respect to employment (as defined in section 907 [1107 of this chapter]) during such calendar year:

"(1) With respect to employment during the calendar year 1936 the rate shall be 1 per centum;

"(2) With respect to employment during the calendar year 1937 the rate shall be 2 per centum;

"(3) With respect to employment after December 31, 1937, the rate shall be 3 per centum."

"Sec. 907 [§ 1107]. When used in this title [sections 1101 to 1110 of this chapter]—

"(a) The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more.

"(b) The term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash.

"(c) The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer, except * * *."

"Sec. 1101 [§ 1301]. (a) When used in this Act [chapter]—

*  *  *  *  *  *

"(3) The term 'person' means an individual, a trust or estate, a partnership, or a corporation.

"(4) The term 'corporation' includes associations, joint-stock companies, and insurance companies.

*  *  *  *  *  *

"(6) The term 'employee' includes an officer of a corporation. * * *"

ber of the law firm of Peabody, Brown, Rowley and Storey and has an office with that firm at 201 Devonshire Street, Boston, Massachusetts. Dwight P. Robinson, Jr., and Kenneth L. Isaacs have no offices other than their office with Massachusetts Investors Trust. The trustees do not have regularly established office hours, but the majority of their time during business hours is spent at the office of Massachusetts Investors Trust.

The trustees have appointed a secretary to keep minutes of their meetings, an advisory board, clerks, stenographers, etc., for the purpose of transacting the business of the Trust. As of December 31, 1938, the total number of such persons was seventeen, divided as follows:

| Position | Number |
|---|---|
| Secretary | 1 |
| Advisory Board Members | 5 |
| Statisticians | 3 |
| Stenographers | 4 |
| Clerks | 3 |
| Telephone Operator | 1 |

The individual plaintiffs, Merrill Griswold, Charles F. Rowley and Dwight P. Robinson, Jr., owned shares in the Trust in their individual capacities during the calendar years 1936, 1937, and 1938. The individual plaintiff, L. Sherman Adams, owned shares in the Trust in his individual capacity from July 14, 1936, to July 17, 1936, and from December 18, 1936, to December 31, 1938. The individual plaintiff, Kenneth L. Isaacs, owned shares in the Trust in his individual capacity from July 2, 1937, to December 31, 1938.

The trustees each year determine their respective remuneration for services, as provided for in the Agreement and Declaration of Trust. There has never been a meeting of the shareholders of the Trust.

The individual plaintiffs have received the following amounts as remuneration for their services for the years 1936, 1937, and 1938:

The trustees filed under the name of "Massachusetts Investors Trust" returns of tax under Title IX of the Social Security Act, c. 531, 49 Stat. 620, for the years 1936, 1937, and 1938. These returns included the wages paid to all persons appointed by the trustees as provided for in the Agreement and Declaration of Trust, and also the amounts received by the trustees.

Taxes, for the tax years in question, amounting to $1,338.96, were paid out of the trust estate with respect to the remuneration received by the trustees in the years 1936, 1937, and 1938. Claims for refund were filed under the name of "Massachusetts Investors Trust" on the ground that the trustees were not employees, within the meaning of Title IX of the Act. More than six months had elapsed since the filing of the claims for refund when this suit was filed, no part of the claims for refund having been allowed.

I believe it necessary, in view of the question involved, and at the risk of unduly prolonging this opinion, to set out the terms of the Trust in more or less detail. They are as follows:

The trustees, in their collective capacity, were designated "Massachusetts Investors Trust" and were to manage the Trust; hold office during the lifetime of the Trust except that any trustee could be removed by vote of other trustees; the number to be not less than three, nor more than five; to act as principals free from the control of the shareholders and, in their uncontrolled discretion, were given the power to buy and invest the funds in their hands in bonds, stocks, notes, mortgages, and other negotiable securities; to effect mergers with other investment trusts; to sell, or otherwise dispose of, any trust property; pay taxes; make distributions of income to shareholders; borrow money for purposes of the Trust; adjust and bring suit on claims relating to the trust estate; sell and repurchase shares of the Trust; deal with the trust estate as fully as if they were absolute owners; hold the legal

| Trustee | 1936 | 1937 | 1938 |
|---|---|---|---|
| L. Sherman Adams | $ 67,121.90 | $ 78,154.66 | $ 52,795.69 |
| Merrill Griswold | 81,804.81 | 95,250.99 | 64,344.75 |
| Charles F. Rowley | 60,829.23 | 70,827.66 | 47,486.09 |
| Kenneth L. Isaacs | | 11,214.72 | 13,125.01 |
| Dwight P. Robinson, Jr. | | 15,172.86 | 17,875.00 |
| | $209,755.94 | $270,620.89 | $195,986.54 |

title to, and have absolute exclusive control and management of, all the property of the Trust; have the power to hire offices and appoint such officers and agents as they deemed best; fix compensation of the latter and define their duties; appoint an advisory board; have the right to acquire and own and dispose of the shares of the Trust to the same extent as if not trustees; issue certificates of interest in the Trust; no liability was to attach to the trustees and shareholders individually for any of the undertakings or obligations of the Trust; the Trust was to continue for twenty-one years after the death of the last survivor of the persons signing the indenture with the power to terminate it at an earlier date; if terminated, the trustees have the power to liquidate or convey the trust property to new or other trustees; no shareholder has the right to inspect the books except as authorized by the trustees; the trustees were not to be responsible for any neglect or wrongdoing of their agents or their employees; trustees have the power to amend the indenture by a writing signed by all of them and assented to in writing by a majority of the shareholders outstanding at the time of the amendment; meetings of the trustees to be held upon call by the chairman of the trustees and the trustees to act by a majority of their number; remuneration of the trustees not to exceed six per cent of the annual gross earnings of the Trust.

## Opinion.

The sole question involved here is whether the trustees of the Massachusetts Investors Trust are employees within the terms of the Act.

■ The tax with which we are dealing here is an excise, or duty, or impost (Steward Machine Company v. Davis, 301 U.S. 548, 574, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293) "with respect to having individuals in his employ". Sec. 901 of the Act, 42 U.S.C.A. § 1101; Art. 200 of Treasury Regulations 90. It is a tax on employer-employee relationships.

The main contention of the government is that the Trust here is a business organization, an association under the doctrine of Morrissey et al., Trustees, v. Commissioner of Internal Revenue, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263. (That the Trust is an association for federal income tax purposes is not disputed by the plaintiffs.) The government argues that the term

"person" as defined in the Act, may mean a "corporation" which term in turn included an "association"; that the term "employee" includes an officer of a corporation. Sec. 1101(a) (3), (4), and (6). It then contends that the trustees are in the same category as officers of a corporation, in that they perform like duties, and thus are employees within the terms of the Act. It further relies on a ruling of the Commissioner of Internal Revenue (S.S.T. 136, 1937–1 Cumulative Bulletin, p. 377) to the effect that the trustees of a Massachusetts trust, such as this, who perform services other than attendance at and participation in board meetings and receive remuneration therefor, are employees of such trust, within the meaning of Section 804 of Title VIII and Section 901 of Title IX of the Act.

■ The government's conclusion that, inasmuch as the term "employee" includes "an officer of a corporation", which in turn includes an association, necessarily, trustees of a trust, which constitutes an association for federal income tax purposes, are employees within the meaning of the Act, is not the answer to the question involved in this case. It is not as simple as this by any means. Officers of a corporation cannot be regarded in the same class with trustees of a trust. There are, and there are here, striking differences between officers of a corporation and the trustees. An officer of a corporation is subject to control by stockholders and directors; he is not an owner of the corporate property; what he does is to carry out the policies formulated by the directors. The officers and directors are subject to control by the stockholders. The trustees under this indenture are subject to no control by the shareholders; they are legal owners of the trust property and hold it as individuals; they have the right to appoint their own officers on their own account as they did here when they appointed a secretary; they formulate their own policies in dealing with the trust property and as any trustees, are fiduciaries subject to liabilities of a fiduciary nature by reason of their position as trustees and not as the result of any employment. And in this Trust the trustees are in for life, if they see fit. The trustees are personally liable for taxes and also, under Massachusetts law, for what debts they contract unless they exempt themselves from liability by contract. It cannot be said that the trustees here are in the same category with either di-

rectors or officers of a corporation, although they are more nearly like the former (Hecht et al., Trustees, v. Malley, 265 U.S. 144, 161, 44 S.Ct. 462, 68 L.Ed. 949), who are not ordinarily regarded as employees by the Department. Art. 205, Treasury Regulations 90. And it may be noted that the Act, though it specifically designates officers of a corporation as employees, it does not designate trustees of a trust as employees. If it intended them to be, it would have said so in language equally as clear as it used in designating officers of a corporation as employees.

But, further than this, the abrupt conclusion that the government arrives at absolutely avoids consideration of the underlying fundamental question as to whether a relation of employment exists. When Congress defined an "employee" as including an officer of a corporation, it is doubtful that Congress intended to include arbitrarily any and all officers as employees. What I believe Congress meant was that an officer of a corporation, ordinarily not regarded as an employee because he may be an employer himself, may be an officer and at the same time an employee of the corporation, i. e., that an employer-employee relationship might exist between an officer of a corporation and the corporation itself. In other words, Congress did not mean an officer of a corporation is necessarily an employee. Congress hardly meant to include in its definition of an employee a merely nominal officer—one who receives no remuneration and performs no services, one who has been selected for whatever prestige his name might bring to the corporation. What it did mean was that an officer who could be told what services he could perform and how to perform them was an employee even though he bore the title of an officer. It may be noted in this connection that Section 1101 (a) (6) of the Act does not include *all officers* of a corporation; it includes *"an officer* of a corporation". It would appear that the same fundamental question would remain even in the case of an officer of a corporation, i. e., is he an employee within the ordinary and accepted meaning of the term "employment"? Title IX, Sec. 907(c); Art. 205, Treasury Regulations 90.

In a corporate set-up, it is not difficult to see that there are separate parties to make a contract of employment, i. e., the officers and the corporate entity, acting through its directors. But in whose employment can the trustees be in this case? With whom

did they contract to serve as employees? In attempting to answer this last question, the government asserts the contract of employment was between the Trust, which it contends is an entity in accordance with the provisions of Section 1101 (a) (3) of the Act which defines a "person" to mean a "trust or estate", and the trustees.

It is true under Section 1101 (a) (3) that a "trust" may be an employer, but this does not mean that a trust, or as here, the Massachusetts Investors Trust, is a separate entity from the trustees themselves. The trustees of this Trust are the embodiment of the trust and the trust can only exist when they exist. The trust depends for its livelihood on them. There is no trust apart from the trustees. The name of the trust is, practically, merely a name for the trustees in their collective capacity. The trustees, with the other two elements of the trust, i. e., the beneficiaries, here the shareholders, and the trust property, are the trust. Cf. Restatement, Trusts, § 2 (h). There is no fourth element of the Trust that can be regarded as a separate entity, unless you say the name may be that entity. And if you get this far, where is the person who is to act for it in employing the trustees? Entities act through natural persons. The Trust, as distinguished from the trustees, cannot contract or act, and the trustees cannot contract with themselves. They cannot be both employers and employees. The trustees do not employ themselves. Cf. Peterson v. Hopson, and others, Mass., 29 N.E. 2d 140.

The principle is well established that in dealing with the meaning and application of taxing acts of Congress, it is the will of Congress which controls and not state law. Lyeth v. Hoey, 305 U.S. 188, 194, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199. And, consequently, although the Massachusetts case of Dolben v. Gleason, 292 Mass. 511, 198 N.E. 762, may not be decisive of the point as to whether or not a trust is a separate entity from the trustees themselves, yet I believe that what that court said in describing a trust is exactly what Congress had in mind in stating that the term "person" means a "trust." The court in that case, 292 Mass. at page 514, 198 N. E. at page 763, said: "A trust such as was created by the declaration of trust in evidence, can itself do no act. It cannot make a contract. It cannot even act to choose

an agent. The trustee alone can do any act which affects the rights or property of the trust. He does not act as the agent of the trust but is its embodiment in dealing with its property and in making contracts which affect its property. *Such contracts when made are his contracts* and he is personally liable upon them unless they include an agreement that he shall not be personally liable." (Italics mine.)

As was stated in Taylor et al. v. Mayo, Adm'x, 110 U.S. 330, 4 S.Ct. 147, 150, 28 L.Ed. 163: "When a trustee contracts as such, unless he is bound, no one is bound, for he has no principal. The trust estate cannot promise; * * *."

The Massachusetts courts do not subscribe to the entity theory presented by the defendant. By statute in Massachusetts the trust is an entity for purposes of suit against it, but its courts have stated this does not make it a legal entity. C. 182, Sec. 6, Massachusetts General Laws, Ter. Ed.; Dolben v. Gleason, supra, 292 Mass. at page 515, 198 N.E. 762.

■ I cannot conclude that Congress intended to create a legal entity apart and distinct from the trustees themselves for the purpose of allowing it to make contracts of employment. Such a construction of the Act would seem to be quite artificial. Congress probably used the word "trust" in Section 1101 (a) (3) as embracing the usual three elements of the ordinary trust, to wit, trustees, beneficiaries, and trust property, realizing that it was the trustees alone who could perform an act which affected the rights, property, or relations of the trust; that it was the trustees who could and would employ. It seems clear from this that the trustees here have not been employed by an entity distinct from themselves.

It is to be noted that the Commissioner has not attempted to extend the entity theory to a partnership to establish employment. It is included in the meaning of "person" as well as a "trust". Sec. 1101 (a) (3). He ruled (S.S.T. 23, XV–2 Cumulative Bulletin, p. 405) that members of a partnership, that is, individuals who are partners in fact, are not employees of the partnership, within the meaning of the taxing provisions of Title IX of the Act and Treasury Regulations relating thereto. He based his ruling on the fact there was no legal relationship of employer-employee between the partnership and the partners, as defined by the provisions of Section 907

(c) of the Act. Yet partners, as trustees, render services for which they are compensated and a partnership is "basically a business organization", a fact upon which the government mainly relies in justifying the taxes in question here.

Assuming, arguendo, that Congress intended to create an entity separate and apart from the trustees, and the trust, as distinguished from the trustees, could employ, can an employer-employee relationship between the Trust and the trustees be found in this case?

Article 205 of Treasury Regulations 90, relating to the Excise Tax on employers under Title IX of the Act, is, in part, as follows:

"Art. 205. *Employed individuals.*—An individual is in the employ of another within the meaning of the Act if he performs services in an employment as defined in section 907 (c). However, the relationship between the individual who performs such services and the person for whom such services are rendered must, as to those services, be the legal relationship of employer and employee. * * *

* * * * * *

"Generally the relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to *what* shall be done but *how* it shall be done. * * *

* * * * * *

"An officer of a corporation is an employee of the corporation, but a director, as such, is not. * * *"

Applying the tests laid down here to the facts in this case, it is difficult to find an employer-employee relationship between the Trust and the trustees. The provisions of the Trust indicate no one to whose will and control the trustees are subject. There is no one to tell the trustees, except themselves, what to do and how to do it. They do not in any way occupy the status of agents. Taylor et al. v. Mayo, Adm'x, supra. The shareholders have no right of control, whatsoever, over the trustees. The indenture here created a strict trust. Hecht et al., Trustees, v. Malley, supra, 265 U.S. at page 147, 44 S.Ct. 462, 68 L.Ed. 949. As the court stated in the case of

720

Williams v. Milton, 215 Mass. 1, 8, 102 N. E. 355, 357, dealing with a trust indenture similar to the one here: "The property is the property of the trustees and the trustees are the masters." All the shareholders have here is the right to have the property managed for their benefit with no right to instruct the trustees how to do it. No one exercised any control over the trustees. The terms of the Trust set out in detail above show the situation clearly. It is plainly apparent that within the terms of Article 205 of Treasury Regulations 90, these trustees are not by any means employees of any separate entity that Section 1101 (a) (3) could be construed to create. The Regulations recognize a trustee or other fiduciary may be an employer, but hardly point out they may be both employers and employees. The trustees here are not employees in any sense of the word; they are principals subject as far as control is concerned only to the terms of the trust indenture. Hecht et al., Trustees, v. Malley, supra, 265 U.S. at page 147, 44 S.Ct. 462, 68 L.Ed. 949; Taylor et al. v. Mayo, Adm'x, supra.

■ Revenue acts should be regarded as having a practical, not theoretical application. There is no practicality in construing the provisions of the Act with which we are concerned so as to regard trustees as anything but principals—surely not employees. There was a practical reason for Congress to make officers of a corporation employees. It avoided the confusion of two possible employers, the officers and the corporation itself. Congress designated one employer, the corporation itself, a true entity. Officers of corporations would not ordinarily be regarded as employees unless Congress expressly said so and, by the same token, unless Congress expressly says so, which it does not, trustees of a trust should be regarded as principals, as they always have been regarded, and not as employees.

It would appear from this that when the Commissioner ruled in S.S.T. 136, 1937–1 Cumulative Bulletin, p. 377 that the trustees of a Massachusetts trust which is treated as an association for federal income tax purposes, are employees, and based his ruling upon the fact that they "perform services and receive remuneration therefor", he did not consider fully the relationship of the trustees to the trust. The Commissioner (Art. 205, Treasury Regulations 90) does not regard individuals performing services as independent contractors as employees. In other words, performing services is not the test. If it were, partners would be regarded as employees of a partnership. The real test is, as the Commissioner states, performing services as an employee for an employer.

It may also be noted that fiduciaries such as receivers, trustees in bankruptcy, administrators of estates, liquidators of banks, and guardians have been held by the Commissioner not to be employees. S.S.T. 120, XVI–1 Cumulative Bulletin, p. 375; S.S.T. 112, XV–1 Cumulative Bulletin, p. 463; S. S.T. 181, XVI–2 Cumulative Bulletin, p. 387.

■ Finally, the government argues that the Commissioner in ruling trustees of Massachusetts trusts as employees, was giving effect to the intent of Congress as indicated by the legislative history of an amendment to the Act proposed in 1939, which provided that a trustee holding either alone, or with no more than four persons, legal title to trust property, would not be an employee of the trust, whether or not the trust was an association taxable as a corporation. Congress never acted upon this amendment, nor did it re-enact the Act, and it does not seem that the principle expounded in Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246, 95 A.L.R. 207, and Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457, to the effect that re-enactment in later acts of provisions theretofore construed by the Department is persuasive evidence of legislative approval of the regulation, should be extended to apply here. The ruling relied upon was not a Treasury Regulation and whatever persuasive force and effect, if any, it has here, the meaning Congress intended the provisions of the Act to have cannot be changed by the Department. Only Congress can change the meaning of its legislative provisions, not the Department. Helvering v. Janney et al. (Gaines et al. v. Helvering), December 9, 1940, 61 S.Ct. 241, 85 L.Ed. ——.

## Conclusions of Law.

I conclude that the trustees of the Massachusetts Investors Trust are not employees within the terms of the Act.

Judgment is to be entered for the plaintiffs, with costs and interest according to law.