Rollins, J.
The plaintiff seeks to recover the sum of $187.87 for gasoline, oil and automobile supplies sold and delivered to the defendant. The defendant’s answer is a general denial and an allegation that “if the merchandise was sold and delivered, it was sold and delivered to the defendant not for her personal use, or to her in her personal capacity, but as she is Administratrix of the estate of P. E. Cleary, and not individually, of which fact the plaintiff was well aware.”
The evidence tended to show the following facts; The defendant was appointed by the Probate Court Special Administratrix of the estate of P. E. Cleary and was authorized to carry on the business he had conducted during his life. In May, 1947, there was a conversation between the plaintiff and defendant “with .regard to credit.” Before this talk the defendant had purchased a truck with the funds of the estate and used it exclusively in the business of the estate. There was printed on the side of the *187 truck in large letters “P. E. Cleary Co.” This truck was registered (in the Massachusetts Registry of Motor Vehicles) in the name of Gertrude A. Buggies. The truck was registered in this name because the sellers of the truck would not issue credit and the insurers would not issue compulsory insurance in the name of the defendant as Administratrix of the estate of P. E. Cleary. There were business transactions between the plaintiff and “the P. E. Cleary Co.,” after the death of Cleary and before the talk about credit. These transactions were apparently upon a cash basis. After this credit talk in May, 1947, the plaintiff on numerous occasions, and at the request of the drivers of the truck, delivered “to the truck,” gasoline, oil and automobile supplies. Bills for these supplies were mailed to P. E. Cleary Co. No bills were sent to Gertrude A. Buggies. These bills, except those unpaid bills for which this suit is brought, were paid by checks signed “Estate of P. E. Cleary, Gertrude A. Buggies, Admx.”
The plaintiff seasonably filed four requests for rulings of law. The third and fourth requests are:
“(3) An administratrix is personally liable for any debts incurred by her as administratrix, if such debts are contracted after the death of the deceased.
(4) The plaintiff can look to the defendant personally for debts contracted by the defendant as administratrix. ’ ’
On these requests the Court ruled as follows:
“Granted in the form in which I have instructed myself, namely: An administratrix, c. t. a. carrying on the business of her testator under authority of a decree of the Probate Court . . . is liable personally to a third person on a contract made with him by the administratrix, c. t. a. in carrying on such business, at least, in the absence of an agreement, express or implied, with such third person excluding personal liability of the administratrix. ’ ’
*188 The Court found for the defendant and filed a “Memorandum of Findings of Fact, ’ ’ reading in part as follows:
“As a result of a conversation between plaintiff and defendant in May, 1947, in regard to credit, plaintiff delivered gas and rendered service to a truck labelled P. E. Cleary and owned by the defendant in her capacity as administratrix, c. t. a. in carrying on the business of her testator. Subsequently, in payment of such gas and services . . . checks totalling $167.38 were made payable to Jimmie Hanna, signed Estate of P. E. Cleary, Gertrude A. Buggies, Admx. and endorsed by plaintiff.
Between Feb. 2 and June 1, 1948, plaintiff delivered, furnished gas and services for the same truck and has not been paid.
I find that the credit was extended by plaintiff to defendant in her capacity as administratrix and not to her individually.”
The plaintiff claiming to be aggrieved by the rulings and refusals to rule as requested, the case is reported to this Appellate Division for determination.
The defendant carrying on the business of her testator under the authority of a decree of the Probate Court is liable personally to the plaintiff in the absence of an agreement, express or implied, excluding personal liability. Anglo-American Direct Tea Trading Co. v. Seward, 29Mass. 349, 351; Dolben v. Gleason, 292 Mass. 511. There is no evidence of any express agreement.
If the defendant is to escape personal liability it must • .be, because upon the facts of this case, such an agreement must be implied. The trial judge found for the defendant. She must, therefore, have found that such an agreement is to be implied. This finding must stand if it can be supported by the evidence. Coe v. Ware, 271 Mass. 570, 573, 574; Moss v. Old Colony Trust Co., 246 Mass. 139, 143.
The only question for our decision is whether upon the evidence, with all rational inferences that may be drawn *189 therefrom, the finding can be sustained. Moss v. Old Colony Trust Co., supra, at page 143. In our opinion the evidence does not warrant the finding.
The subsidiary facts upon which the trial judge must have based her finding are: (1) There was a conversation between the plaintiff and defendant . . . “in regard to credit. ’ ’ This means no more than that the defendant who had previously paid cash for the supplies could thereafter have the same charged. The language does not show to whom the credit was to be given. As neither party testified that at this conversation anything was said as to whom the credit was to be extended it is probable that nothing was said on that point.
Since the evidence shows that the sellers of the truck and the insurers would not give credit to the defendant as administratrix of the estate of Cleary, but only to her individually, it is most probable that if the plaintiff had promised to extend credit to the defendant “as administratrix” the defendant would have so testified.
The evidence “that there was a conversation in regard to credit” is not susceptible of the construction that it was intended to stipulate that the defendant should escape the ordinary rules of personal liability. Dolben v. Gleason, supra, at page 514.
(2) Subsequent to the talk about credit, supplies were delivered to the truck, later billed to P. E. Cleary Co., and, with the exception of the supplies for which this suit is brought, paid for by checks signed “Estate of P. E. Cleary, Gertrude A. Buggies, Admx.” These facts do not help the defendant. That is the usual and customary procedure where there is no thought in the mind of either party as to excluding personal liability.
There was prejudicial error in the denial of plaintiff’s first request for rulings and the Court’s disposition of requests Nos. 3 and 4.
*190 The plaintiff claimed $187.87 for the supplies sold the defendant for which this action was brought. The Court found the supplies were delivered to the defendant and the plaintiff was never paid. The defendant never denied nor offered any evidence tending to prove that the price charged was improper. The Order must be: Finding for the defendant vacated. Judgment to be entered for the plaintiff for $187.87.