UNION TRUST COMPANY OF SPRINGFIELD *vs.* MARTHA PURPLE KITTREDGE & others.

Hampden. September 23, 1937. — November 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Unsound Mind. Probate Court*, Jury issues, Motion for rehearing.

In a contested will case, no error was shown in the denial of a motion for jury issues where, notwithstanding expected evidence stated by counsel for the contestant, the expected evidence stated by counsel for the proponent was such as to justify a conclusion that there could be no reasonable expectation of a verdict favorable to the contestant.

Rehearing of a motion for jury issues in a contested will case was in the discretion of the judge of probate.

PETITION, filed in the Probate Court for the county of Hampden on January 12, 1937, for proof of the will of Albert E. Hale, late of Springfield.

A motion by the respondents for jury issues was heard and denied by *Denison*, J. The respondents appealed.

*I. Salvage*, (*A. S. McLaud* with him,) for the respondents.

*R. D. Mallary*, (*M. P. Gilbert* with him,) for the petitioner.

QUA, J. The appellants have waived the issue of undue influence. The issue of testamentary capacity is the only one remaining as to which any plausible contention can be made that there was error. We confine ourselves to that issue.

Offers of proof were made by counsel covering many pages of the record. Nothing is to be gained by preserving them in detail here. We have carefully examined them in their entirety. The decedent was a business man sixty-nine years of age at the time of his death from cancer of the throat on January 3, 1937. By his will, executed July 28, 1936, he left his entire estate of about $430,000 for the benefit of various hospitals and other charitable institutions, except a legacy of $50 to an employee, an annuity of $1,000 to a second cousin who had been his housekeeper, and one other annuity of $250 during five years. His nearest

relatives were cousins with whom it does not appear that he was on terms of particular intimacy.

The appellants' offer of proof may be characterized as consisting largely of evidence of the decedent's idiosyncrasies as to personal habits and manner of living, tending to portray an unlovely character and disposition and to show miserly and penurious practices in spite of ample means, and carelessness as to personal appearance and sometimes as to decency, and of evidence that the decedent drank to excess contrary to his doctor's orders; that he made promises which he did not keep, particularly as to remembering various persons in his will; that he was forgetful; that he was physically sick and depressed in spirits; and that he was without religion and was suspicious of hospitals and charities. In addition there were offers to show by witnesses not named that the decedent "never could or never would sustain a conversation on any particular line" and that at times not stated "he was irrational and unreasonable in his conduct" and that he "didn't seem to know what he was doing or saying." It was also stated that psychiatrists whose names were not given but who were said to be "of recognized standing" and to be connected with large institutions or with the department of mental diseases would give opinion evidence that the decedent was of unsound mind.

The proponent offered evidence in contradiction of much of the foregoing and also an accumulation of evidence in precise detail and apparently of the most solid character from witnesses to the will, from the physicians and nurses who actually treated and cared for the decedent, from officers and employees of the bank where he did business, from others with whom he had business relations, and from letters written by the decedent himself, tending to show that both before and after the making of the will the decedent managed his business affairs with shrewdness and skill and with complete memory and comprehension, and that until he was put under the influence of sedatives a few days before his death he was and remained a man of full intellect and sound capacity.

In view of the quantity and quality of the evidence offered in favor of the will, we cannot say, within the principles now made familiar by *Fuller* v. *Sylvia*, 240 Mass. 49, *Cook* v. *Mosher*, 243 Mass. 149, *Union Trust Co. of Springfield* v. *Magenis*, 259 Mass. 409, *Smith* v. *Patterson*, 286 Mass. 356, and many other cases, that the judge of probate was wrong in concluding that there was no reasonable expectation of a verdict in favor of the contestants.

There was no error in denying the appellants' motion for rehearing of their motion for jury issues. Such motion for rehearing has no standing as matter of right. *Clark* v. *McNeil*, 246 Mass. 250, 256. But if the judge exercises his discretion in favor of hearing the motion, as he did in this case, he is bound to hear it through. *Union Trust Co. of Springfield* v. *Magenis*, 266 Mass. 363. As we construe this record, the judge afforded the appellants a full opportunity to be heard upon their motion for a rehearing, although in the end he denied a rehearing.

*Orders affirmed.*