Rescripts.

WILLIAM BAKER & another *vs.* SAMUEL ROSEN & others.    December 1, 1954.   Exceptions overruled.   This is an action of contract brought against the Rosson Construction Co., a corporation, Samuel Rosen and Edward Rosen, and Samuel and Edward Rosen as trustees of Rosson Estates.   The plaintiffs sought to recover for services and materials for plumbing and heating alleged to have been furnished by them to the defendants in connection with two houses which the defendants were building.   The plaintiffs discontinued against the Rosson Construction Co.   Verdicts were directed for the plaintiffs against Samuel Rosen and Edward Rosen, trustees of Rosson Estates.   The case was submitted to the jury against Samuel Rosen and Edward Rosen individually and a verdict for the plaintiffs in the amount of $4,047.21 was returned against each.   The case comes here on the exceptions of the defendant Edward Rosen, hereinafter called the defendant, to the denial of his motion for a directed verdict and to the exclusion of certain evidence.   There was evidence, the recital of which is not necessary, which would have warranted a verdict for the plaintiffs against both defendants.   The basic grievance of the defendant arises out of the exclusion by the judge of an instrument purporting to be a "Declaration of Trust of Rosson Estates Trust" which the defendant sought to introduce.   Had this been admitted, the defendant argues, certain matters might have appeared which would have entitled the defendant to a directed verdict.   The short answer is that no offer of proof was made in connection with the exclusion of the trust instrument, and there is nothing in the record to show that it would have had any bearing on the liability of the defendant.   It was incumbent on the defendant to put enough into the record to show that he was harmed, and this he has failed to do.   *Lane* v. *Epinard*, 318 Mass. 664, 667–668.   Moreover it is difficult to see how the defendant would have been entitled to a directed verdict even if the trust instrument contained all the defendant now suggests and had been admitted, for the jury would have been warranted in finding that the negotiations between the plaintiffs and the defendant were such as to render the defendant liable individually.   See *Carr* v. *Leahy*, 217 Mass. 438; *Larson* v. *Sylvester*, 282 Mass. 352, 357–359; *Dolben* v. *Gleason*, 292 Mass. 511, 513.

*Harrison Dunham*, for the defendant Edward A. Rosen.

*Morris Michelson*, (*Allen I. Dublin* with him,) for the plaintiff.