*Municipal Court of the City of Boston*

No. 124209
**LEMUEL MILLS**

v.

**FANNIE BELL**

**SEE: Rule 46, Superior Court (1954) REQUIR-ING AFFIDAVIT OF FACTS Not Apparent On The Record.**

Case tried to *Riley, J.*

Argued: October 8. Decided: November 2, 1965.

*Lewiton, J.* This is a petition to establish a draft report arising out of an action of tort for personal injuries.

The draft report sets forth the following facts: Following trial of the case there was a finding for the defendant. Thereafter, a motion for a new trial was filed in behalf of

the plaintiff by an attorney who had not theretofore represented him and who had not been present at the trial. The asserted grounds for the motion were (1) that the finding was against the weight of the evidence; (2) that the plaintiff's case was prejudiced by inadequate and faulty preparation and presentation; and (3) that a miscarriage has resulted to the plaintiff by reason of the finding for the defendant. When the motion came on for a hearing, the judge orally ruled that since counsel for the plaintiff had not been the attorney for the latter at the time of trial nor present during the trial, he had no standing to argue the motion, and the motion was denied. The plaintiff promptly claimed a report of the ruling and of the denial of the motion, and in due course filed the draft report which is now before us.

It further appears that some weeks later, the trial judge filed the following memorandum:

"The within claim of Report is disallowed as it presents no question of law.

"The Motion for a New Trial was filed by a lawyer who was not of record in the case, did not try it for the plaintiff, and was not present at the trial.

"I refused to listen to him criticize the lawyers who did try the case, or to allow him to tell me about a trial over which I had presided and at which he was not present.

"I denied the Motion as a matter of discretion."

The petition to establish the draft report is denied.

■ The draft report does not comply with the rules of this court. Rule 31 of the Rules of the Municipal Court of the City of Boston for Civil Actions (1952) as amended, requires that copies of pleadings necessary for the understanding or decision of questions involved shall be annexed to or incorporated in the report, and that "papers on file in the case may not be incorporated by reference except by permission of the Appellate Division." The draft report before us recites that "the pleadings and all matters of record are incorporated herein and may be referred to".

Apart from the motion for new trial and the trial justice's memorandum disallowing the same, no pleadings or other matters of record are in fact incorporated in the report. If it was intended to incorporate them by reference, this would require specific consent of the Appellate Division, which could not reasonably be anticipated in the absence of a description of the particular "matters of record" sought to be so incorporated and their relevance and materiality to the questions of law sought to be reviewed. As the record now stands, we have no idea as to which of the many documents of record in the case might be claimed to be relevant to the issues set forth in the draft report, or as to the materiality of any such documents.

This non-compliance with the rules of this

court is adequate ground for denial of the instant petition to establish the draft report. *Calgano v. P. H. Graham & Sons Co., Inc.,* 313 Mass. 364, 367. However, we base our denial, also, on the broader ground that the draft report presents no issue of law for review. Cf. *Scano, Petitioner,* 338 Mass. 7, 8. In the draft report, the plaintiff claims a review of (1) the ruling that his new attorney had no standing to argue on the motion for a new trial, and (2) the denial of the motion itself.

■ As to the denial of the motion, it is clear that no question of law is raised. Insofar as the motion was based on the ground that the finding was against the weight of the evidence, the plaintiff had no right to be heard. *Nerbonne v. N. E. Steamship Co.,* 288 Mass. 508, 510; *Peterson v. Hopson,* 306 Mass. 597, 600; *Bartley v. Phillips,* 317 Mass. 35, 39; *McElwain v. Capotosto,* 332 Mass. 1, 3.

■ The remaining grounds asserting a miscarriage of justice due of faulty preparation and presentation of the case, were addressed to the discretion of the trial judge, and his denial of the motion as a matter of discretion cannot be reversed unless it constituted an abuse of discretion. *Cohen v. Peterson,* 320 Mass. 315, 316; *Menici v. Orton Crane & Shovel Co.,* 285 Mass. 499, 502; *Berggren v. Mutual Life Ins. Co.,* 231 Mass. 173, 176. There is nothing in the draft re-

port sought to be established which even suggests an abuse of discretion.

The other issue sought to be reviewed, namely, the ruling that the plaintiff's new attorney had no standing to argue the motion, is somewhat more troublesome. We are of the opinion that when a judge entertains and hears a motion for a new trial, even though he might properly have declined to do so, he may not bar presentation of facts or argument by counsel for the moving party solely for the reason that such counsel had not been present at the original trial. Cf. *Union Trust Co. v. Magenis,* 259 Mass. 409; *Union Trust Co. v. Kittredge,* 298 Mass. 515, 517. This is particularly true if counsel seeks to bring to the attention of the court matters not previously presented at the trial or otherwise within the knowledge of the court.

The fact that the trial judge here denied the motion for a new trial "as a matter of discretion" shows that he did entertain and act upon it, even though not required to do so. Having thus exercised his discretion to hear the motion, we hold that he was bound to hear such arguments and presentation of facts as might properly be offered by counsel. Cf. *Union Trust Co. v. Magenis,* 259 Mass. 409; *Union Trust Co. v. Kittredge,* 298 Mass. 515, 517.

We now turn to the question whether it could be determined from the draft report

that the ruling complained of constituted prejudicial error.

In this regard we must be guided by the principles reiterated many times by the Supreme Judicial Court to the effect that motions for new trial, even when based on newly discovered evidence, "ought not to be granted unless on a survey of the whole case it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result." *Davis v. Boston Elevated Ry.,* 235 Mass. 482, 496; *Nicholas v. Lewis Furniture Co.,* 292 Mass. 500, 507.

Also pertinent are cases involving petitions to vacate judgment based upon asserted errors or incompetence of counsel. Thus, in the case of *Kravetz v. Lipofsky,* 294 Mass. 80, 83, the Supreme Judicial Court said:

> "Commonly they ought not to be granted when the petitioner's cause of complaint grows out of the negligence or misconduct of his attorney, but such an aggrieved person should be left to seek his remedy against the one responsible for the wrong; this is the general although not the inflexible rule."

See also *Manzi v. Carlson,* 278 Mass. 267, 273.

It is well settled that a party seeking review of a ruling by the trial judge must see to it that the record is adequate to enable the appellate tribunal to determine whether there has been prejudicial error. *Vengrow v. Grimes,* 274 Mass. 278, 279; *Posell v. Herscovitz,* 237 Mass. 513, 516; *Lariviere v.*

*Boucher,* 297 Mass. 27, 30. Applying that rule in the instant case, it was incumbent upon the plaintiff to demonstrate to the reviewing court that there were facts which he was prepared to present, which would warrant the granting of a new trial in the light of the above-stated guiding principles.

Even if we assume (though the draft report does not specifically state) that the presiding judge precluded the attorney for the plaintiff from presenting, in support of the motion for new trial, facts showing faulty preparation by the prior attorney for the plaintiff, the plaintiff should thereupon have made an offer of proof of such facts, and such offer of proof should then have been included in the draft report. Cf. *Baker v. Rosen,* 331 Mass. 763; *Belkus v. Murdock,* 315 Mass. 86, 87; *Falk v. Falk,* 279 Mass. 530, 532. There is no such offer of proof set forth in the draft report before us, nor is there any indication that any offer of proof was in fact made. Neither does the draft report set forth any facts upon which the presiding judge should have passed, in arriving at his decision on the motion for a new trial. Consequently, even if the draft report were established, it would not support a conclusion that prejudicial error had been committed. Cf. *McElwain v. Capotosto,* 332 Mass. 1, 3.

*Petition to establish report denied.*

Frank I. Rose of Boston for the Petitioner.

John L. Lyman and Philip W. Riley, both of Boston for the Respondent.