# RESCRIPT OPINIONS.

Pursuant to the requirements of G.L. c. 211, § 9, the Reporter publishes the following:

ELIZABETH GLYNN vs. BOSTON HOUSING AUTHORITY. March 1, 1967. This action in tort for negligence is by the minor plaintiff whose father, at the time of injury, was a tenant of the defendant. In company with other children, the minor left the designated play area of the premises and entered the designated clothes drying area through the opening in the chain link fence which enclosed that area where, while playing a game similar to "tag," her foot was caught under the fence and she fell and was injured. All of the evidence shows that the area where the minor was injured was designed and intended for use by the tenants on assigned days for the sole purpose of drying clothes. The purpose was not play. The minor was at best a licensee, to whom there was the duty to refrain only from wanton or reckless conduct, *Cohen* v. *Davies*, 305 Mass. 152, 154–155, which has neither been alleged nor proved. The defendant's motion for a directed verdict should have been allowed.

*Exceptions sustained.*

*David W. Kelley* for the defendant.
*Lenahan O'Connell* for the plaintiff.

JOHN H. TRUE vs. AMERICAN FIDELITY COMPANY. March 1, 1967. This is an action of contract against an insurer under a policy of insurance which provided coverage for "Damages for Bodily Injury Caused by Uninsured Automobiles." This clause is generally referred to as "uninsured motorist" coverage. The plaintiff sustained injuries in an accident while a passenger in an automobile. The judge, sitting without a jury, after making some "Findings of Facts" made a general finding for the plaintiff. The defendant did not file any requests for rulings but merely excepted "to the finding of the [c]ourt in favor of the plaintiff." The issue of the propriety of the general finding for the plaintiff was not presented by the defendant's exception. "Apart from the exceptional rule of the *Leshefsky* case [*Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167], an exception to a finding does not present the question whether it was warranted by the evidence." *Matter of Loeb*, 315 Mass. 191, 194. The issue should have been raised at the trial by a request for ruling.

*Exceptions overruled.*

*Edward P. Healy* for the defendant.
*Walter J. Griffin & Robert J. O'Keefe*, for the plaintiff, submitted a brief.