*Southern District*

## JOSEPH J. GRATTA

v.

## FRANK V. MARINELLI, Individually
## and as he is trustee of Fran-Mar
## Realty Trust

Argued: June 25, 1969. Decided: Aug. 27, 1969.

*Present*: Nash, P.J., Cox, Lee, J.J.

Case tried to *Tamkin, J.,* in the Second District Court of Plymouth No. 43869.

*Cox, J.* This is an action of contract to recover a balance of $12,791.00 alleged to be due for furnishing equipment, labor, materials and insurance to the defendant in connection with the construction of portions of Pilgrim and Mayflower Roads in the Town of Braintree.

There was a finding for the plaintiff in the sum of $12,019.00.

The report, as established, states that the defendant filed a motion for a new trial on the familiar grounds that the finding for the plaintiff was against the evidence, the weight of the evidence and the law. The motion was denied.

The grievances of the defendant are stated as follows: "This report contains all the evidence material to the questions reported and the Defendants, claiming to be aggrieved by the finding for the Plaintiff, against the Defendant, Frank V. Marinelli, Individually, where there was no proof of his acting in an individual capacity and that the amount of the damages found by the Court, which was based upon the Plaintiff's Declaration when all of the testimony of the witnesses indicated a lesser value for the services rendered to the Defendants (sic) and there was evidence that the Plaintiff had made a demand upon the Defendant after completing

work on the project for a Five Thousand and 00/100 ($5,000.00) Dollars balance due, hereby report the same to the Appellate Division for determination''.

The defendant filed no request for ruling at the trial nor in support of his motion for a new trial.

Whether the finding for the plaintiff was warranted is a question not available to the defendant on this record.

"Where the subsidiary facts are conceded or otherwise established, and all that remains is to draw the ultimate inference of fact and to apply the law, an exception to the general or ultimate finding opens the question whether it was warranted on the subsidiary facts. *Leshefsky* v. *American Employers' Ins. Co.*, 293 Mass. 164, 166, 167. *Gaw* v. *Hew Construction Co.*, 300 Mass. 250, 252. *Federal National Bank* v. *O'Connell*, 305 Mass. 559, 564, 565. *Sreda* v. *Kessel*, 310 Mass. 588, 590. That rule does not apply to the question whether the evidence warranted the findings in the present case. Some of the subsidiary facts were disputed. Apart from the exceptional rule of the *Leshefsky* case, an exception to a finding does not present the question whether it was warranted by the evidence. (cits). The exception to the findings, so far as it attacks the sufficiency of the evidence to support them must be overruled''. The quotation is from the case of *Matter of Loeb,* 315 Mass. 191, 194-195. See also

*True* v. *American Fidelity Company*, 352 Mass. 764.

■ In the case before us the facts are very much in dispute, therefore, a clear question of fact was before the justice for him to resolve. The plaintiff testified in his own behalf as to the agreement, the labor, materials and equipment furnished, and the balance due. There was evidence by the defendant and others to the contrary to the effect that a lesser amount, or even nothing was due the plaintiff. The issue whether the finding for the plaintiff was warranted should have been raised at the trial by a request for a ruling. *True* v. *American Fidelity Company*, 352 Mass. 764. This the defendant did not do. There is no law question before us to review. We observe, however, that there was evidence which supports the finding for the plaintiff.

■ Similarly, no request for a ruling was filed by the defendant relative to the defendant's personal liability. All that appears in the report is that the defendant is Trustee of Fran-Mar Realty Trust which is owner of the land which includes Pilgrim Road and Mayflower Road. But in any event the point lacks merit. "It is the general rule, long established, that in the absence of a stipulation to the contrary a trustee is personally liable in an action on a contract made by him for the benefit of the trust estate." (cits). A trustee may, however, avoid personal liability on a contract he makes on be-

half of the trust, if the contract contains an agreement that he shall not be personally liable. (cits).

 ''The mere description in the contract of himself as 'trustee' is not enough to constitute such a stipulation and does not affect the right of the party with whom he contracts to hold him personally liable. (cits).'' *Dolben* v. *Gleason*, 292 Mass. 511, 513. *Peterson* v. *Hopson*, 306 Mass. 597, 612. *Baker* v. *Rosen*, 331 Mass. 763. *Schwartz* v. *Abbott Motors, Inc.*, 344 Mass. 28, 30. No error is shown in holding the plaintiff personally liable.

There was no error in the denial of the defendant's motion for a new trial. Rule 26 of the District Courts (1965) authorizes a new trial ''for newly discovered evidence, or for mistake of law injuriously affecting the substantial rights of the moving party''. The rule also permits the trial judge of his own motion to grant a new trial ''if deemed necessary to prevent a failure of justice''. No newly discovered evidence was disclosed nor has any mistake of law been shown. The motion for a new trial was addressed to the discretion of the justice. There was no abuse of discretion in the denial of the motion. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496. *Peterson* v. *Hopson*, 306 Mass. 597, 599-600. *Anderson* v. *Kunigenas*, 339 Mass. 776.

*The report should be dismissed.*

DAVID F. WHELAN
 of Hingham, for the plaintiff.
RICHARD B. LANE
 of Braintree for the defendant.