*Southern District*

No. 68

**DENNIS J. SMITH, JR.**

**v.**

**EASTERN ART CRAFT CORP.**

Argued: Oct. 26, 1973 - Decided: Jan. 31, 1974

*Present:* Murphy, P.J., Lee, Rider, JJ. concurring.

Case tried to *Tamkin, J.,* in the Second District Court of Plymouth: No. 54478.

**Rider, J.** In this action of replevin there was a finding for the plaintiff. The case comes before this Division on the defendant's petition to establish a report.

This action was instituted by a writ of replevin dated June 7, 1972 and returnable in the Second District Court of Plymouth on June

26, 1972. The return on the writ made by deputy sheriff Paul E. Robinson states that on June 12, 1972 he replevied the personal property in question; that the value of the personal property was agreed by the parties to be in the amount of $8,000.00; and that he took from the plaintiff a bond with surety approved by him in double the amount of said agreed value.

The defendant's answer consists of a general denial and a further answer that the plaintiff at all times material to the action did not have a right to possession of the goods.

The case was tried on May 25, 1973. The defendant filed no requests for rulings. On June 19, 1973 the trial judge entered a finding for the plaintiff, stating: "In the above entitled action I find for the plaintiff in Replevin." On June 26, 1973 defendant's request for a report was filed and on June 29, 1973 the defendant filed a draft report. On July 2, 1973 the trial judge filed a Memorandum which read: "Draft Report dismissed for failure to comply with Rule 27 of the Rules of the District Courts of Massachusetts, in that request for ruling of law was not filed in writing before the beginning of closing argument."

Defendant's petition to establish report and its supporting affidavit were filed on July 6, 1973.

It repeated substantially the allegation of its draft report, that: "The sole issue raised

by the Claim of Report and in the Draft Report filed with the Presiding Justice is the constitutionality of General Laws, Chapter 247, §§ 7 and 8, which statute is identical in nature to statutes of the Commonwealth of Pennsylvania and the State of Florida which have been declared unconstitutional by the United States Supreme Court.''

On July 31, 1973 the plaintiff filed a motion to dismiss defendant's petition to establish report.

We take note that the decision in the case of *Fuentes* v. *Shevin*, 40 LW 4692, 92 S. Ct. —— U.S. —— Reporter 1983, to which the defendant refers, was announced on June 12, 1972, the same date as the replevin in the instant action.

We do not reach the merits of the defendant's contention in our disposition of this matter. Defendant's petition to establish report is not rightly before this Division. Defendant's draft report was not ''disallowed'' by the trial justice but, rather, was ''dismissed.'' Relative to the dismissal of draft reports, Rule 28 of the Rules of the District Courts ·(1965, as amended)· reads as follows:

"If the party claiming the report has failed to comply with the statutes or any of these rules applicable to draft reports, the justice may dismiss it, in which case an aggrieved party who desires to raise the question of the correctness of the or-

der of said dismissal may file a claim of report and draft report *on said dismissal* and proceed as provided in these rules." (emphasis added).

The case of *Gallagher* v. *Atkins,* 305 Mass. 261, is cited at the conclusion of the above quotation from Rule 28. In this decision, Chief Justice Field stated (page 263):

"After the granting of the motion to dismiss, whether such action was right or wrong as a matter of law, and until the order to that effect was vacated or reversed, there was no draft report relating to the trial on the merits on the files of the court which the trial judge could disallow . . . . or which would furnish a basis for establishing a report."

In the *Gallagher* case, the Appellate Division had entered an order denying the defendant's petition to establish a report. In reversing the order of the Appellate Division and dismissing the petition to establish a report, the Supreme Judicial Court said at page 264:

"Since, according to the practice in the district courts, a report serves the purpose of a bill of exceptions in other courts, the remedy of the party aggrieved by a dismissal of a report relating to rulings made at the trial on the merits is to be had upon a report of the questions of law involved in such dismissal, and not by a

petition to establish a report of the rulings made at such a trial.''

See also, *Murray* v. *Edes Manufacturing Company,* 305 Mass. 311; *Wend Innersole and Counter Co., Inc.* v. *Geilich,* 317 Mass. 327.

The trial judge based his dismissal of the defendant's draft report on defendant's failure to comply with Rule 27 of the Rules of the District Courts, in that the defendant did not file a request for ruling of law before the beginning of closing argument. Ordinarily, in order to save a question of law for report to the Appellate Division, it is necessary to file a request for a ruling. G.L. c. 231, § 108; *Perry* v. *Hanover,* 314 Mass. 167; *Kennedy* v. *Currier,* 293 Mass. 435. No requests for rulings having been filed by the defendant at the conclusion of the trial on the merits, that the trial judge was correct in ''dismissing'' the draft report. Since no questions of law involved in such dismissal have been properly raised by the defendant, its petition to establish report must be dismissed.

*Motion to dismiss defendant's petition to establish report is allowed.*

DENNIS J. SMITH, JR., AND
MICHAEL J. FLYNN
for the plaintiff
WILLIS A. DOWNS
for the defendant