Norman M. KRAVETZ
VS.
ELGIN LABEL CORPORATION

No. 8660

Appellate Division of the
District Courts/Northern Division,
Trial Court of the
Commonwealth of Massachusetts

June 30, 1982

Frederick T. Golder, Esq., counsel for plaintiff
Patricia M. Watson, counsel for defendant

## OPINION

**Banks, J.** This matter was commenced as an action in contract by which the plaintiff sought to recover upon an alleged oral severance agreement between

himself and the defendant as his former employer. On December 13, 1979, the trial court found for the defendant based upon its determination that the plaintiff had failed to show consideration for the alleged oral agreement under which he had brought suit. At the time of the trial on the merits on December 11, 1979, the plaintiff argued for an allowance of his motion for amendment of his complaint to allow a claim for augmented damages under G.L. c. 93A, the notice of such motion having been filed on December 4, 1979. This motion was denied. Subsequent to the court's findings of December 13, 1979, the plaintiff filed a motion for a directed finding or in the alternative a new trial. This motion was denied on January 29, 1980.

After hearing on March 4, 1980, the trial court dismissed the plaintiff's draft report, in which plaintiff claimed to be aggrieved by the court's finding upon the merits and by the denial of the two motions cited. In dismissing the draft report, the trial court noted plaintiff's failure to file requests for rulings of law upon the trial on the merits of the case and plaintiff's failure even to assert abuse of judicial discretion with regard to the denial of the two motions here complained of.

The dismissal of the draft report is upheld.

With respect to the plaintiff's claim of appeal upon the merits of his cause, it is the very essence of such an appeal to this Division that it be upon an asserted error in a ruling of law by the trial judge. G.L. c. 231, s. 108. A necessary requirement for the determination of whether the correct rules of law have been followed in a case involving controverted issues of fact is the request for ruling of law. **Hetherington & Sons v. William Firth Co.,** 210 Mass. 8, 18 (1911). Hence the failure to file requests for rulings as set forth in Dist./Mun. Cts. R. Civ. P. is cause for dismissal of a matter under Rule 64(c)(6) of those rules. **LaCaisse Populaire Credit Union v. Cross,** 293 Mass. 190 (1936); **Smith v. Easton Art Craft Corp.,** 53 Mass. App. Dec. 174, 179 (1974).

With regard to plaintiff's claim of appeal from the denial of its motion for a directed verdict or new trial and from the denial of his motion for a new trial, the only basis upon which these actions of the trial judge would be reversed by the Division would be upon a demonstration, not here made, that such denials constituted an abuse of discretion, or conduct which no conscientious judge, acting intelligently, could honestly have taken. **Bartley v. Phillips,** 317 Mass. 35, 43 (1944).

The trial court's dismissal of the plaintiff's draft report is affirmed.

Elliott T. Cowdrey, P.J.
John P. Forte, J.
Richard L. Banks, J.