Shubow, J.
This Report challenges the correctness of the trial judge’s determination that sellers of real estate cannot enforce (by reason of the Statuteof Frauds)the oral promise of the last in a succession of grantees to pay the balance of the purchase price left unpaid by the first grantee.
The contract action was remanded to the District Court from the Superior Court. The plaintiffs on July 1,1976, conveyed realty to Jose F. DaCosta and Maria DaCosta with the purchasers agreeing orally to pay a portion of the purchase price amounting to $8,000. in monthly installments of $50 each. In 1978 these purchasers sold the same property to relatives (Manuel DaCosta) at a time when $7,150 was still due the plaintiffs. These buyers also, it is alleged, orally undertook to pay what remained due the original seller and actually paid $1,400 before they sold to still other relatives, the defendants in this case. It is undisputed that the defendants also agreed orally, as the Report describes it, “to assume the original debt of Jose DaCosta.” The trial judge in response to requests for findings of fact and rulings of law filed by the defendants specificallyfound that “both [defendants orally agreed to pay the [p]laintiffs the original debt of Jose DaCosta and Maria DaCosta.” In like vein the Report also recites the following finding of the judge: “I find that the [defendants... made an oral promise on November 1,1978 to the [p] lain tiffs.. .to pay the debt of another — the original debt of Jose F. DaCosta and Maria DaCosta, owed to plaintiffs.” The court ruled that the defendants’ oral undertaking was unenforceable as within the Statute of Frauds.
It is this ruling that is challenged as error.
At the threshold, we are confronted with the question of whether the plaintiff-appellants have any right tobe before us, in that they filed no requests for rulings. The general rule is that absent such requests, there is nothing before the appellate division to call for exercise of its appellate function. Bushnell v. Bushnell, 393 Mass. 462, 475 (1984); Logan Equipment Corporation v. Karen Construction Company, 1985 Mass. App. Div. 50; See Pion et al v. Pezza et al, 1985 Mass. App. Div. 36. However, this District of the Appellate Division recently ruled that when the trial judge makes written findings of fact and states separately his conclusions of law thereon and fully articulates the thought process which led to his decision, requests for rulings of law are superfluous. MacKenzie v. Auto Supermart, Inc. et als, No. 432, opinion *10 certified Nov. 24, 1986. So far as the plaintiffs are concerned that is the situation here. Unlike the usual practice where a trial court deems waived the requests of the prevailing party, the judge here laid out fully his reasoning, distinguishing between fact and law clearly, thus rendering his legal conclusions readily reviewable. The fact that the plaintiffs did not require him to do so does not defeat review where the judge has done so in effect on his own. Accordingly, we turn to the merits.
We think the judge’s finding that the oral promise on which the plaintiffs rely was a promise “to pay the debt of another — the original debt of Jose F. Da Costa and Maria DaCosta, owed to the plaintiffs” is dispositive. The judge fortified his position by further finding".. .the benefit, if any, received by the [d] efendants was merely incidental and not the real object of the transaction.” Other findings, none challenged as unwarranted on the evidence, further underscore the judge’s factual determination that the promise was not the defendants’ “own original undertaking." This was an issue for the fact-finder. American Fireworks Co. v. Morrison, 300 Mass. 531, 536 (1938). The original’ obligors were not released by the defendants’ undertaking. See Pope & Cottle Co. v. Wheelwright, 240 Mass. 221, 225 (1921). We do not consider the line of cases represented by Dangelo v. Farina, 310 Mass. 758, 761 (1942), to be. controlling because the defendants’ promise was not found to be part of the consideration they paid for the land and nothing more than a moral commitment of the kind traditionally deemed within the Statute. We rely on cases such as Ribockv. Canner, 218 Mass. 5 (1924), and the teaching to be-found in Duca v. Lord, 331 Mass. 51 atp. 53 (1954), to conclude that the judge was warranted in finding that the defendants’ promise was one to “answer for' the debt.. .of another” within the meaning of G.L. (Ter. Ed.) c. 259, § 1, Second. His actions on the requests for rulings before him are consistent with his view of the historical facts. There being no error, the Report is ordered dismissed.