Forte, J.
This is an appeal by the plaintiffs from the trial court’? entry of summary judgment in favor of the defendant.
Plaintiff John J. Decoulos insured his motor vehicle with the defendant. ..
An optional coverage section of the parties insurance policy, captioned “Part 6. Medical Payment,” provides in part:
We will pay for expenses resulting from bodily injuries to anyone occupying your auto at the time of the accident We will also pay for expenses resulting from bodily injuries to you or any household member ... if occupying someone else’s auto at the time of the accident.
Decoulos’ daughter, Elaine, a household member, was injured in a motor vehicle accident while a passenger in one Pratt’s vehicle which was registered and insured in Connecticut. The plaintiff’s claim in this action is for medical payments for Elaine’s injuries pursuant to the above quoted optional insurance provision of the parties’ policy.
Elaine Decoulos was paid $5,000.00 by Atlantic Mutual Company, the Connecticut insurer of the Pratt vehicle. In consideration of such payment, Elaine executed a written release of all claims against the Pratts which expressly included, inter alia, cláms for medical payments.'
The defendant herein has rejected the plaintiffs’ claim in this case on the basis of an exclusion to the Optional Medical Payments coverage provisions of the parties’ policy. This exclusion states:
We will not pay benefits under this Part which duplicate payments made under the Medical Payments Coverage of any other auto policy, (emphasis supplied). .. .
Neither party provided the Rule 56 motion judge with a copy of the Atlantic Mutual Company automobile, insurance policy covering the Pratt vehicle. The defendant instead relied on the terms of Elaine’s release and on a letter from Atlantic Mutual to plaintiffs’ counsel stating that the $5,000.00 payment in question was for Connecticut “basic reparations benefits.” Conversely, the plaintiffs introduced Elaine Decoulos’ affidavit denying receipt of any medical or P.I.P: benefits payments" under any insurance policy; and an internal memorandum of the defendant indicating thatthere may not be medical payments coverage in Connecticut motor vehicle insurance *108 policies.
There remains a question of fact, therefore, as to whether any payments were made to Elaine Decoulos “under the Medical Payments coverage of any other auto policy.” Summary judgment should not have been entered. Community National Bank v. Dawes, 369 Mass. 550 (1976); Kesler v. Pritchard, 362 Mass. 132 (1972).
The allowance of the defendant’s motion for summaryjudgment is hereby vacated. The action is returned to the Peabody Division for trial.