Forte, J.
The plaintiff alleges in Counts I and II of its complaint that The Houston *110 Group Limited (“Houston”) owes money for goods supplied by the plaintiff pursuant to a credit application. Counts III and IV of the complaint allege that Richard W. Skeffington (“Skeffington”) individually guaranteed Houston’s contract obligations. The trial court allowed Skeffington’s motion for summary judgment by which ruling the plaintiff now claims to be aggrieved.
No Dist/Mun. Cts. R. Civ. P., Rule 54 separate judgment was entered for Skeffington, and the counts against Houston remain open. The action is thus notripe for judgment, and the present appeal of the court’s Rule 56 ruling could be dismissed as interlocutory. Pollack v. Kelly, 372 Mass. 469, 476 (1977). Rollins. v. Environmental Serv. Inc. v. Superior Court, 368 Mass. 174, 175 (1975). As the issue of Skeffington’s liability has been suitably briefed and argued, and as the remaning counts are to be tried, we elect to review the substantive merits of this appeal.
The Houston Group submitted a written application to the plaintiff for “contractor credit” which was signed by one Watson as president and Skeffington as treasurer. The application did not indicate that Houston was a corporation. On the reverse side, the application states: “In consideration of the extension of credit by N ational Lumber Company to [at this point the document is blank]... the undersigned hereby agree to pay all sums of money hereafter due....”
At the bottom, both Watson and Skeffington signed with the word “individually” printed under their signature. After Skeffington’s signature, a scratch out or blot appears.
Affidavits of Skeffington and one Swartz (a commission salesman who formerly worked for the plaintiff) state that Skeffington refused to sign personally and signed only as treasurer. The plaintiff’s affidavit indicates that the plaintiff had no reason to believe Skeffington would not be personally liable. There was no evidence as to when or how whatever handwriting followed Skeffington’s signature was blotted out, but there is no question that the printed word “individually” remained intact under his signature.
It is clear from Swartz’ affidavit that he did not grant the credit application, but instead submitted the application to the plaintiff to “see what [would] happen." Two questions remain open:
1. What was the condition of the guarantee when accepted by the plaintiff?
2. What intent did Skeffington convey to the plaintiff?
Because these questions of fact remain, Skeffington’s motion for summary judgment should have been denied. Community National Bank v. Dawes, 339 Mass. 550 (1976).
With respect to the first issue, we note that the mere addition of words to a signature describing the signatory as serving in a representative capacity, does not exempt the signatory from personal liability when his principal is not disclosed. Magallen v. Jones, 281 Mass. 383 (1933).
As to Skeffington’s intent in signing the credit application, it is the general rule that “when intent is at the core of a controversy, summary judgment seldom lies. Quincy Mut. Fire Ins. Co. v. Abernathy, 393 Mass. 81, 83 (1964), Jerry v. Cumberland Farms, Inc., 406 Mass. 615, 624 (1990).” Madden v. Estin, 28 Mass. App. Ct. 392, 395 (1990).
The allowance of defendant’s motion for summary judgment is vacated, and the action is returned to the Newton Division for trial. So ordered.