Shubow, J.
The plaintiff sued three siblings seeking contribution for the cost of* improving access to the Nantucket lots which each had acquired from their mother. After trial, the judge inquired of counsel whether or not requests for rulings were to be filed. Plaintiffs counsel responded “that he would rest on the legal arguments and authorities contained in [p] laintiff s previously filed trial memorandum.”
Thereafter, the trial judge in a carefully crafted decision consisting of four single-spaced pages captioned Memorandum, Findings of Fact, Action on Requests, Conclusions and Order of Judgment, determined thatin the absence of an enforceable oral or written contract there was no legal obligation on the part of the defendants to pay for the road costs.
• The trial court’sjudgmentwasenteredonjuly25,1989. On July 31,1989, the judge allowed the plaintiffs motion for an extension of time in which to file a request for report On August 17,1989, the plaintiffs second request for an extension of time in ■ which to file request for draftreport and draft report was allowed. While we have some question as to the authority of the judge[2] to grant the second request (see Rule 64[c][l] [i])thedocketindicates the motionwas assented to by the defendants and the point has not been argued before us. We therefore will not dwell further on the issue. Cf., Ahern v. Towle, 310 Mass. 695 ,698 (1942).
After hearing, the judge dismissed the plaintiffs report because “Plaintiff did not protect his right to appeal by filing formal written requests for rulings of law.”
Thus, the sole question before us, as the appealing plaintiff recognizes (see Report, . p. 6), is the correctness of the judge’s order of dismissal. “The proper and exclusive remedy for the dismissal of a draft report is a request for a report and a draft report challenging, and limited to . said dismissal order.” (Emphasis supplied.) Little v. Heimlich, 1980 Mass. App. Div. 122.[3] *171 It has long been considered elementary that alleged errors of law on the part of a trial judge in the district court are subject to appellate review only if the issue was presented to the judge prior to argument by requests for rulings of law. Dist/Mun. Cts. R Civ. P., Rule64(b). Butler v. Cromartie, 339 Mass. 4, 6 (1959). The requirement for requests is not merely a technical requirement of procedure but the instrument for focussing the judge’s attention on the principles of law at stake in the light of the findings of fact open on the evidence (which are themselves unreviewable). Properly framed requests for rulings impose upon the judge the responsibility of separating factual matter from legal principles and make possible meaningful appellate review of the judge’s understanding of the pertinent law.
Further explanation of the function served by timely filing requests may be found in Broom v. Reese, 1988 Mass. App. Div. 90 at 91-92. See, also, Slate v. DiTocco, 1984 Mass. App. Div. 249,250; Rice v. Yeghiayan, 1985 Mass. App. Div. 226.
We recognize that the long established principle mandating that appeals proceed on the basis of the trial judge’s action on requests for rulings of law has become subject to some exceptions. The exceptions are rooted in cases where the facts are not in dispute because, by reason of one historical circumstance or another, the facts have become established so that the legal issue has been carved out and presented in bold relief unaffected by factual conflicts. See Muir Brothers Company v. Sawyer Construction Company, 328 Mass. 413, 415 (1952); Leshefsky v. American Employers’ Insurance Company, 293 Mass. 164, 167 (1936). Requests for rulings are unnecessary in connection with a case stated. Western Massachusetts Theatres, Inc. v. Liberty Mutual Insurance Company, 354 Mass. 655, 657 (1968). They are not required when the trial judge is acting on a complaint to review the decision of an administrative agency where the agency’s factual findings are final. See, as an example, Paula Wood-Dyer v. Brookline Rent Control Board, et al., 1983 Mass. App. Div. 50, 52. Two recent cases illustrate, at least sub silentio, that in reviewing a judge’s allowance of a motion for summaiy judgment, the facts having been established by the pleadings, discovery or the like, requests for rulings have no standing. Decoulos v. Hartford Accident and Indemnity Company, 1990 Mass. App. Div. 107; National Lumber Company v. Houston Group Limited, 1990 Mass. App. Div. 109. But, cf. Basch and Sons v. Travelers Indemnity Co., 392 Mass. 1002, 1003 (1984). We have also held that where a judge, although not required to do so,[4] makes written findings of fact, states separately his conclusions of law thereon and fully articulates the thought process which led to the decision, requests for rulings of law are superfluous. Mackenzie v. Auto Supermarket, *172 Inc., et al., 1986 Mass. App. Div. 165; Miranda v. Araujo, 1987 Mass. App. Div. 9. See for the general principle Petition of New Bedford Child & Family Service to Dispense with Consent to Adoption, 385 Mass. 482, 491 (1982).[5]
Notwithstanding the foregoing review, we do not believe this case falls into any category which permits overlooking the absence of requests for rulings of law. Notwithstanding the judge’s effort to be detailed and comprehensive we cannot say he was pointed, by the plaintiff, after trial, toward the issue the plaintiff now relies on, namely unjust enrichment. The judge himself in his order dismissing the draft report acknowledged with respect to his original decision “the facts and the law were interwoven to such an extent that no question of law was presented.”
We observe, in passing, that were we to reach the merits we would conclude that Salomon v. Terra, 394 Mass. 857 (1985), relied on by the plaintiff, seems to us to support the trial judge. “Where services are rendered by one party and voluntarily accepted by another, the presumption that there is an expectation of payment therefore, as well as an implied promise of paymentfor the reasonable worth of those services, may be rebutted by a showing of strong self-interest in the outcome of the transaction by the party furnishing those services.” Salamon, supra, at p. 861. The self-interest of the plaintiff here in obtaining improved access to his own property for his own benefit is beyond question.
The decision of the trial judge dismissing the Draft Report was correct The present Report is therefore dismissed.

 The judge was aware of some limitation on his authority because he dismissed a draft report filed on behalf of the defendants not on the substantive ground that as the prevailing parties they had no standing to seek appellate review but because their draft report was untimely filed. See Davis v. Commercial Union Insurance Co., 1984 Mass. App. Div. 237.

 Notwithstanding this limitation, the Report interweaves the plaintiffs arguments in support of his contentions on the law of contract and quantum meruit with the narrow issue of whether the dismissal of his earlier Report must be affirmed or reversed.

 In the Superior Court Department judges are required in civil cases tried without jury to find the facts specifically and state separately their conclu sions of rule thereon. Rule 52, Mass. R. Civ. P. In such situations requests for rulings are purely advisory and play no necessary role in appellate review.

 We note that the Report before us seeking review of the judge’s order of dismissal does no. turn on any requests for rulings.