Kane, J.
The principal challenge to this tort judgment is the claim that the award of $250,000 for sexual abuse is excessive. Review of this claim of error is not an occasion to see if this Appellate Court would “have acted differently” but only to determine if the Trial Court’s finding of damages represents “an arbitrary determination... or whimsical thinking.” Egan, et al. v. Holderman, et al., 26 Mass. App. Ct. 942, 44 (1988).
We now review the facts and circumstances presented to the trial judge. The defendant’s indecent acts and rape of this child plaintiff were proven by the child’s account and the defendant’s pleas of guilty to criminal complaints charging assault and battery, indecent assault and battery, and rape. The victim, the plaintiff in this case, John Lang, at the age of nine met the defendant, Joseph Bradley, at the Lang family garage where Bradley was an employee. This relationship deepened due to a common interest in cars, and at age thirteen Lang started working with Bradley on cars at Bradley’s home. At his home, Bradley, over the course of 18 months, on 25 occasions abused Lang by having him masturbate and by once initiating anal intercourse frustrated by the boy pulling away.
This sexual abuse by a trusted adult imposed on this child feelings of guilt, shame, and fear and harmed the boy’s relationship with his family. Support from his parents in dealing with these feelings helped John restore his relationship with his family, develop an active social life, and graduate with honors from high school. Nevertheless, John, because of this sexual abuse, continues to mistrust adults and continues to suffer from Post-traumatic Stress Syndrome. This Syndrome, constituting a major emotional illness,[2] continues to infect John Lang with painful flashbacks of the sexual abuse.
We now turn to the question of whether the judge’s damage award is excessive. Definitionally, damages may not serve to penalize wrongdoing but may only fairly and adequately compensate a victim for his injuries. See Magaw v. Mass. Bay Transportation Authority, 21 Mass. App. 129 (1985); G.E. Lothrop Theatres Co. v. Edison Illumination Co., 290 Mass. 189 (1935). Damages express “in dollars and cents the injury sustained by a plaintiff.” Berube v. Selectmen of Edgartown, 336 Mass. 634, 639 (1958). When the injury is not physical but mental, damages compensate for worry, grief *203 stress, humiliation, anxiety, loss of face, and emotional scarring.[3] See Priest v. Rotary, et al., 634 F.Supp. 571, 584 (N.D. California, 1986); Wagenmann v. Adams, 829 F.2d 196 (1st Cir. 1987).
The nature and extent of emotional harm is committed to the deliberate judgment of the trier of fact. See Pearl v. William Filene’s Sons Co., 317 Mass. 529, 532 (1945). Not forced to rely upon a dry, written record but able to appreciate and weigh the testimony of witnesses appearing before him, the trialjudge is specially qualified to determine the effects and consequences of mental injury. See Walters v. Mintec International, 758 F.2d 73, 81 (3rd Cir. 1985). “From his observation post on the front lines,” the trialjudge is able to determine the extent of emotional harm as characterized by its intensity, frequency, longevity, and impact Wagenmann, supra at 216. Such findings will not be disturbed unless a finding is “clearly erroneous,” Dist/Mun. Cts. R. Civ. P., Rule 52 (a); that is, unless the reviewing court, on the entire evidence, is “left with the definite and firm conviction that a mistake has been committed.” See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); New England Canteen Service, Inc. v. Ashley, 372 Mass. 671, 675 (1977); Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 160-61 (1977); Marlow v. City of New Bedford, 369 Mass. 501, 508 (1976); DiGiovarno v. Board of Appeals of Rockport, 19 Mass. App. Ct. 339, 343 (1985).
While damages are ordinarily left to the trial judge’s judgment, the exercise of this authority is not without limits. Awards influenced by prejudice or based upon speculation will be overturned as will awards greatly disproportionate to the injury. Lufkins Realty, Inc. v. Aseph, 349 Mass. 343, 346 (1965); Magaw, supra at 138. Though a disproportionate award may be suggested by disproportion between “special damages... and ageneral award.,” Griffin v. General Motors Corp., 380 Mass. 362 (1980), an Appellate Court is mindful that mental injury is an intangible that does not lend itself to a scientific formula or measuring device. Wagenmann, supra at 216. "... Mere uncertainty in assessing... damages should not jeopardize [the] injured party’s right to recover as long as those damages are the certain result of... wrongdoing.” McKenna v. Begin, 5 Mass. App. 304, 311 (1977). Damages “‘must be left to estimate and judgment sometimes upon meager evidence.’” Carlo Bianchi and Company v. Builders’ Equipment and Supplies Company, 347 Mass. 636, 646 (1964), quoting Piper v. Childs, 290 Mass. 560, 563 (1935).
We now turn to determine if this award of $250,000for sexual abuse was so arbitrary as to amount to an error of law. We fir st acknowledged that this was not compensation for merely transitory emotional distress but for emotional harm associated with a major emotional disease of interminable length.[4] Though the disproportion between special damages and the award[5] is apparent, it is manifest that this young man’s adolescence was injured and his familial relations damaged by persistent acts of sexual abuse committed by a trusted adult. The unnatural acts and anal rape’s effects on the boy’s self-image, emotions and sensibilities were witnessed by the one who heard the testimony and saw the witnesses — the trial judge.. The effect of the memories and flashbacks on this plaintiffs human development was uniquely conveyed to the judge who observed John Lang detail the memories and flashbacks he endures. The degree of those emotional harms are not well captured by a written record, and we cannot say from this vantage point that the trialjudge was in error in *204 awarding $250,(300 to one who has suffered, and will continue to suffer, substantial emotional harm.
The appellant also presses as error the trial judge’s failure to make written findings of fact A District Court judge sitting without a jury is ordinarily not required to make findings of fact Within its discretion “ [tjhe court may find the facts specially and state separately its conclusions of law thereon.” Dist./Mun. Cts. R. Civ. P., Rule 52(a). While a trial judge could be required to make written findings if he had denied defendant’s requests for rulings of law or had declared them to be immaterial to the facts as found, D.P. Koshivas Const. Co. v. Finn, 56 Mass. App. Dec. 99 (1975), in this case the judge allowed each of defendant’s four requests for Conclusion of Law as correct statements of law. Accordingly, the trial judge acted within his discretion by not making written findings of fact
Trial Court’s judgment and award of damages are affirmed.

 “The essential feature of this disorder [Post-traumatic Stress Disorder] is the development of characteristic symptoms following a psychologically distressing event that is outside the range of usual human experience (¡.e., outside the range of such common experiences as simple bereavement, chronic illness, business losses, and marital conflict). The stressor producing this syndrome would be markedly distressing to almost anyone, and is usually experienced with intense fear, terror, and helplessness. The characteristic symptoms involve re-experiencing the traumatic event, avoidance of stimuli associated with the event or numbing of general responsiveness, and increased arousal.” DMS 309.89.

 The rule that “there can be no recovery for fright, terror, alarm anxiety or distress of mind if these are accompanied by some physical injury” only applies to an “unintentional” tort and not to abattery. Spade v. Lynn and Boston R.R., 168 Mass. 285, 289-290 (1897); George v. Jordan Marsh Co., 359 Mass. 244, 246-52 (1971).

 According to the evidence presented at trial, the flashbacks “will continue into the future” and the plaintiff “will retain the painful memories of these incidents.” See Report, page 2.

 The evidence disclosed an absence of special damages.