Gelinas, J.
William Kennedy, d/b/a Professional Roofing & Siding (plaintiff) brought suit in the D istrict Court of Central Berkshire (Pittsfield) against William A and Sandra A McGrath (defendants) for $7,795.00, monies due on a contract for renovation of a multi-family dwelling. Defendants counterclaimed for $20,000.00.
After trial, a district court judge entered judgment for the plaintiff against defendants, awarding damages in the amount of $5,060.00 and entered judgment for the plaintiff on defendants’ counterclaim. The judge additionally made two general findings as follows:
Plaintiff and Defendant entered into awritten contractwhere the plaintiff agreed to do rehab construction on the defendants’ 3 floor apartment building for the sum of $44,000.00. The Plaintiff substantially completed the contract in a good and workman-like manner, although some work was not done and some not done properly. The fair rate of the work done less the amount already paid is $5,060.00.
Neither plaintiff nor defendants filed requests for findings of fact or for rulings of law.
Subsequentto receipt of notice of judgment, defendants filed a “Motion to Amend Findings and Judgment or in the Alternative for a New Trial” pursuant to Dist./ Mun.Cts. R Civ. P., Rules 52(b), 59(a) and 59(e); after hearingthe motion was denied by the trial judge. Again, neither plaintiff nor defendants filed requests for rulings of law at the hearing on the motion.
Defendants claimed a report to the Appellate Division from both the original judgments and findings andfromthe denial ofthe motion;the claimed report included numerous contract documents, pleadings, photographs, writings and other documentary evidence introduced at trial togetherwith 152 pages of transcription oftrial court testimony. Defendants personally attended the Appellate Division hearing and, through counsel, offered to testify under oath with respect to matters in evidence at trial; the offer was respectfully declined. There being no error, the report must be dismissed.
A“requestfor areport” cannot be madeto ageneralfindingofthetrial judge in the absence of requests for rulings made at trial, exceptwhere a judge makes avoluntary report under M.G.LAc. 231, §108; the case has been submitted as a “case stated”; all material subsidiary facts have been found or are agreed; the basis for ageneralfinding is notin dispute or ageneralfinding is based solely on aruling or rulings which appear on the court’s record. Coleman v. C & P Homes, Inc. (1972) 44 Mass. App. Dec. 142. *114 None of the above exceptions to the requirement of requests for rulings of law are extant or argued in this case. Failure to file requests for rulings of law in a timely fashion preclude defendants claiming on appeal that the evidence was insufficient to warrant the findings of the trial judge. Dist/Mun. Cts. R. Civ. P., Rules 64 (b), (c) (1) (i) and (c) (2) Worcester County National Bank v. Brogna, 386 Mass. 1002, 436 N.E. 2nd 935 (1982). Defendants are not entitled to appellate consideration of the issue as to sufficiency of evidence to support trial court’s findings where they have failed to file a request for ruling of law which raised the issue and their brief, and offer of sworn testimony at the Appellate Division hearing, could not serve to place before the appellate court matters neither raised at trial nor included in the record on appeal. Jerauld v. Sears, Roebuck and Co., 1991 Mass. App. Div. 53.
A trial judge’s general findings in this case import further findings of all subsidiary facts and the drawing of all rational inferences essential to support the general finding, Iacobucci v. Pinell, 33 Mass. App. Dec. 203; Berman v. Tyliski Electric Co. Inc. (1976) 57 Mass. App. Dec. 189.
At time of hearing of the “Motion to Amend Findings and Judgment or for New Trial” defendants again failed to file requestfor rulings of law and have not claimed any abuse of discretion in the trial judge’s denial thereof; the denial of amotion for new trial is not subject to review absent requests for rulings or claimed abuse of discretion, Jancsy v. Hy-Land Realty, Inc. (1976) 58 Mass App. Dec. 152. A review of defendants’ material suggests that in effect they are claiming that the findings and judgmentswere against the weight of the evidence; denial of such a motion presents no question of law for review by the Appellate Division. Mills v. Bell, 33 Mass. App. Dec. 167.
Report dismissed.