Coven, J.
This is a Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (6) appeal by the defendants of the trial court’s dismissal of their draft report on the grounds that such draft report failed to present a question of law for appellate review. Randazzo v. O’Brien, 1984 Mass. App. Div. 220, 223; Kravetz v. Elgin Label Corp. 1982 Mass. App. Div. 168, 169.
This action was originally commenced to recover a deficiency under an automobile lease following repossession and sale of the vehicle. The defendants counterclaimed for the plaintiffs alleged violation of the Massachusetts Consumer Protection Law, G.L.c. 93A.
The report indicates thaton July 5,1988, defendant Bay State Communications, Inc. (“Bay State”) entered into a vehicle lease agreement with the plaintiff’s assignor. Defendant Bruce Sogoloff executed a written guaranty of the lease.
The plaintiff notified Bay State on October 26,1990 that it was two months in arrears on its lease payments, and thereafter repossessed the car. On October 31,1990, the plaintiff informed Bay State that it intended to sell the vehicle and that the unpaid balance on the lease was $26,239.91.
On March 20,1991, Bay State was notified that the car had been sold and that the balance owed on the lease was $21,118.82. Defendant Bay State responded with a G.L.c. 93A demand letter which claimed that the plaintiff had failed to calculate the deficiency in accordance with the terms of the lease and had thereby committed an unfair and deceptive trade practice.
There was conflicting evidence at trial as to the value of the car at the time of the repossession sale, and the amount of the deficiency remaining after sale. No requests for rulings of law were filed by either party. At the conclusion of all of the evidence, the trial court entered a general finding for the defendants on the plaintiff s deficiency claim and for the plaintiff on the defendants’ G.L.c. 93A counterclaim.
The defendants thereafter requested a report to this Division of the court’s general finding on their counterclaim. The trial court dismissed the defendants’ draft report on the grounds that in the absence of requests for rulings of law, an appeal from a general finding presents no question of law for appellate review. Butler v. Cromartie, 339 Mass. 4, 6 (1959); Chadwick v. Desroches, 333 Mass. 768, 769 (1955).
There was no error.
Atrial court, sitting without a jury, is not required as a general rule to make written findings of fact even if requested to do so by theparties. Dist./Mun. Cts. R. Civ. P., Rule 52 (a). See also, Memishian v. Phipps, 311 Mass. 521, 523 (1942); Lang v. Bradley, 1990 Mass. App. Div. 202, 204. Nor is the trial judge obligated to make explicit rulings of law *153 in the absence of appropriate, written requests by the parties for such rulings. Campanale v. General Ice Cream Corp., 314 Mass. 387, 389 (1943); Arrow Paper Corp. v. Boylston Foods, Inc., 1 Mass. App. Ct. 808, 808-809 (1973). Given the failure of either party to submit requests for rulings in this case, the trial judge properly entered only a general finding on the complaint and counterclaim.
Ageneral finding is by definition a decision based on a mixture of fact and law which are “interwoven to such an extent that no question of law is presented.” Muir Bros. Co. v. Sawyer Construc. Co., 328 Mass. 413, 415 (1952). As a mixture of fact and law, a general finding is not per se subject to appellate review, Stowell v. H. P. Hood & Sons, Inc., 288 Mass. 555, 557 (1934); Murphy v. Crosby, 1 Mass. App. Ct. 402, 405-406 (1973), which is confined to matters of law. Perry v. Hanover, 314 Mass. 167, 169 (1943).
There is no merit to the defendants’ contention that the court’s general finding on their counterclaim in this case was based on undisputed facts and thus constituted a discrete ruling of law which could be properly appealed to this Division. There is, of course, a narrow exception to the usual unavailability of an appeal from a general finding which is operative in those limited cases in which requests for rulings “would serve little purpose”, Muir Bros. Co. v. Sawyer Construc. Co., supra at 415, because all material, subsidiary facts have been found or agreed upon and only a question of law remains for the court’s determination. Included within this exception is a case stated, Western Mass. Theatres, Inc. v. Liberty Mut. Ins. Co., 354 Mass. 655, 657 (1968); a proceeding for judicial review of an administrative agency’s decision, where the agency’s findings of fact are final, Wood-Dyer v. Brookline Rent Control Board, 1983 Mass. App. Div. 50, 52; and an action properly concluded by summary judgment. See, e.g., DeCoulos v. Hartford Acc. & Indem. Co., 1990 Mass. App. Div. 107.
The instant case cannot be brought within this narrow exception. Contrary to the defendants’ assertion, their G.L.c. 93A demand letter and the plaintiffs response thereto did not constitute undisputed, documentary evidence conclusive of all material issues of fact as to the plaintiffs alleged unfair and deceptive practices. These documents instead set the stage for a trial on the merits of contested factual issues and disputed evidence which culminated in a general finding necessarily predicated on the trial judge’s undifferentiated findings of fact and rulings of law. In the absence of specific requests for rulings of law, such general finding does not present either the issue of the sufficiency of the evidence to support the court’s judgment on the defendants’ counterclaim, see generally True v. American Fidelity Co., 352 Mass. 764 (1967); Reid v. Doherty, 273 Mass. 388, 389-390 (1930), or any other discrete question of law which could be the subject of an appeal. Stark v. Stark, 1990 Mass. App. Div. 170, 171-172.
Report dismissed.