Curtin, J.
This is a summary process action to recover unpaid rent and possession of commercial premises in Woburn, Massachusetts. Judgment was entered for plaintiff Cummings Properties Management, Inc. (“Cummings”) for both possession and rent in the amount of $2,507.81. Cummings has appealed pursuant to Dist./Mun. Cts. RADA., Rule 8A on the grounds that the trial judge erred as a matter of law in failing to award $102,876.05 in damages for the full amount of accelerated rent through the December 14,2001 end of an extended lease term.
On October 20, 1994, Cummings executed a written lease with defendant C.T. Whittier & Associates, Inc. (“Whittier”) for commercial premises for a two year term commencing December 15, 1995 and ending December 14,1996. Whittier’s rent, pursuant to a lease amendment, was $1,671.87 per month. The lease contained a provision for an automatic five year extension unless either party served written notice “of its desire not to so extend the lease.”
Whittier failed to pay rent for the month of November, 1996. On November 26, 1996, Cummings issued a written notice to Whittier that if it failed to pay the November rent within ten days, Whittier would be required to quit the premises and would be subject to the lease’s rent acceleration provisions. The notice further stated that Cummings would accelerate the rent through the end of the lease term, and commence suit to collect the entire balance in the amount of $102,876.05.
Whittier failed to pay the November rent, and Cummings instituted this action in summary process. Whittier’s answer asserted, inter alia, that it had surrendered the premises to Cummings and that the lease expired on December 14, 1996.
On January 30,1997, the case was tried without a jury. The trial judge rejected Cummings’ claim for accelerated rent and ordered judgment for possession and for “rent due for the period November 1,1996 through December 14,1996” in the amount of $2,507.81. Neither party filed requests for rulings of law at the close of the evidence. The trial judge was not required to make findings of fact, see Mass. R. Civ. P., Rule 52(c); Memishian v. Phipps, 311 Mass. 521, 523 (1949); General Elec. Capital Auto Lease, Inc. v. Bay State Communications, Inc., 1993 Mass. App. Div. 152, and did not do so.
As Cummings failed to preserve any questions of law for appellate review, its *154 appeal must be dismissed.
Cummings’ principal contention is that the trial court erred as a matter of law in failing to award full damages in accordance with the renewal and rent acceleration provisions of the parties’ lease. Stated alternatively, Cummings argues that the evidence required a finding in its favor that Whittier was liable for the $102,876.05 in damages claimed by Cummings. Cummings failed, however, to file a request for ruling on this or any other issue of law, see Mass. R. Civ. P., Rule 64A; DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 103-104 (1975); Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251, and has thus effectively forfeited any right to appellate review of the sufficiency of the evidence to have required a finding in its favor in the amount sought. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982).
In an attempt to surmount its failure to file requests for rulings of law, Cummings boldly and erroneously asserts that this Division should utilize a de novo standard of review. As we recently noted in Ducker v. Ducker, 1997 Mass. App. Div. 147 (September 22, 1997), the right to appeal to the Superior Court for a trial de novo of a summary process action in either Middlesex or Norfolk County was abolished as of September 30, 1996 by St. 1996, c. 358, §10. Summary process and other district court civil actions in these two counties are now subject to one trial with a right of appeal to the Appellate Division in accordance with the District/ Municipal Court Rules of Appellate Division Appeal and the Massachusetts Rules of Civil Procedure. Such appeals are limited to questions of law properly raised in the trial court and preserved for appellate review, primarily by means of Mass. R. Civ. P., Rule 64A requests for rulings. Id. at 148.[1]
In the absence of such requests, Cummings’ appeal presents nothing more than its objection to the trial court’s general finding and award of damages. The trial court’s judgment may well have been based on proper subsidiary findings of fact, which are not reviewable on appeal, rather than on any alleged error of law. For this reason, it is well established that the appeal of a general finding, without more, presents no question for appellate review. True v. American Fidelity Co., 352 Mass. 764 (1967); Butler v. Cromartie, 339 Mass. 4, 6 (1959).
Accordingly, the plaintiff’s appeal is dismissed.
So ordered.

 Issues of law may also be raised by certain pre-trial motions, the allowance of which concludes the case and constitutes a discrete ruling of law which is properly the subject of appellate review; e.g. Rule 56 motions for summary judgment and Rule 12(b) motions to dismiss. A party may also raise the question of the sufficiency of the evidence to require a finding in its favor by means of either a motion for a required finding (plaintiff) or a Mass. R. Civ. R, Rule 41(b)(2) motion for involuntary dismissal (defendant).
Appellate review may also be obtained in the absence of requests for rulings in certain other limited situations which are not applicable here: namely when a case is presented in the trial court solely on the basis of a “case stated,” see Eastern Restaur. Equip. Co. v. Tecci, 347 Mass. 148, 150 (1964); DeSanctis v. Labell’s Airport Parking, Inc., 1991 Mass. App. Div. 37, or where the undisputed basis of the court’s general finding is a distinct ruling of law which is clearly set forth in the record. Kennedy v. McGrath, 1993 Mass. App. Div. 113, 113-114.